STATE V. PALMER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-526-CR

THE STATE OF TEXAS STATE

V.

RYAN WAYLOR PALMER APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction 

The State appeals from the trial court’s grant of appellee’s motion to suppress in a driving while intoxicated (DWI) case.  We affirm.  

II. Background Facts

Grapevine Police Officer Mark Shimmick was the only witness at appellant’s suppression hearing.  He testified that in the early morning hours of January 4, 2003, he was driving southbound on Highway 121 when he noticed appellant’s car traveling five miles below the speed limit in the rightmost lane and “riding the right line of the roadway.”  He observed appellant’s car change lanes into an entrance ramp lane before being forced back into the rightmost lane when the entrance ramp lane ended.  Officer Shimmick testified that appellant drove up a hill and then turned on his right turn signal even though there was no lane to turn into.  Appellant turned off his signal and continued on before again turning on his right turn signal.  Officer Shimmick testified that this time appellant only “partially” signaled his intention to turn right. 

Appellant exited the highway and, according to Officer Shimmick, applied his brakes in a sudden and unsafe manner.  Officer Shimmick testified that appellant again activated his right turn signal and moved onto the service road.  He testified that in doing so, appellant crossed over the double white line, violating section 544.004 of the transportation code.  
Tex. Transp. Code Ann.
 § 544.004 (Vernon 1999).  Just before reaching the intersection, appellant slowed down and moved partially into the right-turn-only lane before rolling forward into the go-straight lane and coming to a stop.  When the traffic light turned green, Officer Shimmick stopped appellant.  Officer Shimmick testified that because of appellant’s erratic driving, the time of night, and the proximity to an area of the city with a number of bars, he suspected that appellant might be intoxicated.  The State also introduced the videotape of the stop made from the camera in Officer Shimmick’s car. 

III. Points on Appeal

In eight points, the State challenges the trial court’s order granting the suppression of the DWI evidence.  Although the State presented eight points on appeal, each point is based on whether the arresting officer had reasonable suspicion or probable cause to stop appellant.

A. Standard of Review

The Fourth Amendment protects against unreasonable searches and seizures.  
U.S. Const
. amend. IV.  For an arrest to be justified under the Fourth  Amendment, it must be accompanied by probable cause to believe that a person has engaged in or is engaging in criminal activity.  
Henry v. United States
, 361 U.S. 98, 102, 80 S. Ct. 168, 171 (1959).  A detention, however, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche v. State
, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). 

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche
, 10 S.W.3d at 327; 
Guzman v. State,
 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State,
 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State,
 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross,
 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard, 
987 S.W.2d 889, 891 (Tex. Crim. App. 1999).   Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, No. 2-03-345-CR, 2004 WL 2914999, at *1 (Tex. App.སྭFort Worth Dec. 16, 2004, pet. filed);  
Harrison v. State, 
144 S.W.3d 82, 85 (Tex. App.—Fort Worth 2004, pet. granted)
; Best,
 118 S.W.3d at 861-62.  However, when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact.  
Johnson,
 68 S.W.3d at 652-53. 

B. Trial Court Findings

The trial court did not file written findings of fact and conclusions of law.  However, at the end of the hearing, the trial court stated that none of appellee’s actions constituted traffic violations.  In particular, the trial court disagreed with the State’s and Officer Shimmick’s characterization of appellee’s braking while on the exit ramp as sudden and unsafe, noting that appellee was only “slowing down on the exit ramp to turn around and look and see if there [was] traffic coming.”  Moreover, the trial court stated that appellee’s overly cautious conduct could be attributed to his being followed by a police officer or being unfamiliar with the neighborhood.  

C. DWI

The State argues that a totality of the circumstances supported a reasonable suspicion that appellee was driving while intoxicated.  In particular, the State notes that appellee (1) was driving five miles below the speed limit and riding the right line, (2) drove in an entrance ramp lane, (3) signaled his intention to turn right when there was nowhere to turn, (4) applied his brakes in a sudden and unsafe manner when exiting the highway, (5) crossed over the double white lines, (6) drove partially into the right-turn-only lane before rolling into the go-straight lane, and (7) hesitated before proceeding through a green light.  The State also points to the time of night when appellee was stopped and his proximity to a number of local bars.  

Certain actions that alone are not traffic law violations may combine to support an inference that a suspect is driving while intoxicated.  
See e.g.
, 
State v. Tarvin
, 972 S.W.2d 910, 912 (Tex. App.སྭWaco 1998, pet. ref’d) (holding that mere weaving within one’s own lane of traffic was not enough to support reasonable suspicion);
 Richardson v. State
, 39 S.W.3d 634, 640 (Tex. App.སྭAmarillo 2000, no pet.) (holding that slow driving alone was  not enough for reasonable suspicion when suspect did not have difficulty staying within single lane or exhibit other deficiencies in operating vehicle); 
see also Fox v. State
, 900 S.W.2d 345, 347 (Tex. App.སྭFort Worth 1995), 
pet. dism’d improvidently granted,
 930 S.W.2d 607 (Tex. Crim. App. 1996) (holding that erratic speed changes and weaving within lane were enough for reasonable suspicion).

The State cites 
McQuarters v. State
 and 
Fox v. State
 to support its argument that a totality of the circumstances caused Officer Shimmick to have a reasonable suspicion that appellee was driving while intoxicated.  
McQuarters v. State
, 58 S.W.3d 250, 253-56 (Tex. App.སྭFort Worth 2001, pet. ref’d); 
Fox
, 900 S.W.2d at 346-47.  In 
McQuarters, 
we held that the evidence gave rise to a reasonable suspicion that McQuarters was intoxicated when the officer observed him traveling at a slow speed in the passing lane and twice saw him cross the left lane stripe.  
McQuarters
, 58 S.W.3d at 253-56.  In 
Fox
, we held that reasonable suspicion existed when the officer saw Fox’s speed fluctuate between 40 and 55 miles/hour and saw him weaving within his own lane.  
Fox
, 900 S.W.2d at 346-47.

The trial court concluded that the facts in the present case were equally consistent with someone who was not familiar with the neighborhood or was overly cautious because of being followed by a police officer.  According to the Texas Court of Criminal Appeals, however, the relevant inquiry is not whether conduct is as consistent with innocent activity as it is with criminal activity, but whether, examining the totality of the circumstances, the officer has specific articulable facts, together with rational inferences, that support the conclusion that the person detained is, or has been, engaged in criminal activity.  
Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).  But unlike the drivers in 
McQuarters
 and 
Fox
, appellee was not traveling in the passing lane, did not erratically change speeds, was not weaving within his own lane, and did not have trouble maintaining a single lane of traffic.  Further, evidence from the videotape does not support the State’s and Officer Shimmick’s assertion that appellee applied his brakes in a sudden and unsafe manner.
(footnote: 2)  

Thus, after giving almost total deference to the trial court’s rulings on application-of-law-to-fact questions that turn on credibility and demeanor and  reviewing de novo those rulings that do not, we conclude that appellee’s actions before he was stopped by Officer Shimmick along with the totality of the circumstances surrounding the stop do not support a reasonable suspicion that he was driving while intoxicated.  Therefore, we overrule the State’s first point.    
 

D. Traffic Code Violations
 

Next, the State argues that the trial court erred by granting appellee’s motion to suppress because Officer Shimmick had reasonable suspicion and probable cause to stop appellee for failure to comply with a traffic control device.  
See 
Tex. Code Crim. Proc. Ann.
 art. 14.01 (Vernon 1977);
 Tex. Transp. Code Ann.
 § 544.004.  According to section 544.004(a),  

The operator of a vehicle or streetcar shall comply with an applicable official traffic-control device placed as provided by this subtitle unless the person is:

(1) otherwise directed by a traffic or police officer; or

(2) operating an authorized emergency vehicle and is subject to exceptions under this subtitle.

Tex. Transp. Code Ann.
 § 544.004(a).  Section 541.304(1) defines an official traffic-control device as a “sign, signal, marking, or other device that is: (A) consistent with this subtitle; (B) placed or erected by a public body or officer having jurisdiction; and (C) used to regulate, warn, or guide traffic.”  
Id. 
§ 541.304(1) (Vernon 1999).  

The State contends that the double white lines on the right side of the exit ramp are a traffic control device and that appellant violated section 544.004 when his car crossed over the lines.
(footnote: 3)  Specifically, Officer Shimmick testified that appellee’s right rear tire crossed over the lines.  The videotape shows that appellee’s tire touched the lines just before the double white lines end and turn into a single dashed line.  Although the trial court did not make written findings of fact or conclusions of law, it stated on the record that appellee’s conduct did not constitute a traffic violation.  After viewing the videotape a second time to get a closer look at the alleged traffic violation, the trial court stated, “I just don’t see any violations to this, so I am going to grant the motion [to suppress].”

The State correctly contends that it was not required to prove that the statute was actually violated.  Rather, the State needed only to elicit testimony that Officer Shimmick knew sufficient facts to reasonably suspect that appellee had violated a traffic law.  
See McQuarters
, 58 S.W.3d at 255.  However, assuming that double white lines are a traffic control device within the meaning of section 544.004, the State cites no authority that defines their purpose or what constitutes a failure to comply with them.  Therefore, we hold that Officer Shimmick did not have reasonable suspicion or probable cause to believe that appellee had violated section 544.004 solely because his right rear tire touched a portion of the double white lines.

The State also argues that when appellee applied his brakes as he was exiting the highway, he violated section 545.105, which prohibits an operator from stopping or suddenly decreasing the speed of his vehicle “without first giving a stop signal as provided by this subchapter to the operator of a vehicle immediately to the rear when there is an opportunity to give the signal.”  
Tex. Transp. Code Ann.
 § 545.105.  The State does not argue that appellee failed to give a stop signal before slowing down on the exit ramp.  In fact, Officer Shimmick testified that appellee did signal using his brake lights.  Therefore, we hold that Officer Shimmick did not have probable cause or reasonable suspicion to stop appellee based on a violation of section 545.105.  We overrule the State’s second and third points.  

In the State’s fourth through eighth points, it asserts trial court error based upon section 14.01 of the Texas Code of Criminal Procedure, 
Terry v. Ohio
, the Fourth Amendment to the United States Constitution, and article I, section 9 of the Texas Constitution.  
U.S. Const
. amend. IV; 
Tex. Const
. art. I, § 9; 
Tex. Code Crim. Proc. Ann.
 art. 14.01; 
Terry v. Ohio
, 392 U.S. at 1, 88 S. Ct. at 1868.  However, these points were not separately presented or ruled upon in the trial court, so they are waived to the extent they are not otherwise encompassed in the State’s other points.  
See State v. Mercado
, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998).  Also, to the extent that these arguments are addressed in the State’s discussions of its other points, we do not address them separately here because they are more specifically addressed in our discussion of the State’s other points and because there is little additional analysis or argument under these points that was not already discussed elsewhere.  
See
 
Tex. R. App. P.
 38.1; 
Wood v. State
, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000); 
Harris v. State
, 133 S.W.3d 760, 764 n.3 (Tex. App.—Texarkana 2004, pet. ref’d); 
Martinez v. State
, 969 S.W.2d 497, 499 (Tex. App.—Austin 1998, no pet.).  We overrule points four through eight. 

IV. Conclusion

Having overruled the State’s points, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See 
Tex
. R. App. P.
 47.4.

2:
The trial court was not required to believe Officer Shimmick’s testimony, and we do not know to what extent the trial court’s ruling turned on credibility.  

3:
The State also cites section 545.055, which applies to passing to the left in passing zones.  
See 
Tex. Transp. Code Ann.
 § 545.055 (Vernon 1999).
 
However, because the State does not explain how this section applies to appellee’s conduct, we will assume that the citation was a typographical error.