# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00199-CR

**Jody Lynn Dowler, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
## NO. 9327, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

After his motion to suppress evidence was overruled, appellant Jody Lynn Dowler pleaded no contest to an indictment accusing him of felony driving while intoxicated (DWI). *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2001). In accord with a plea bargain agreement, the district court assessed punishment at imprisonment for six years and a $2500 fine, suspended imposition of sentence, and placed appellant on community supervision. Appellant brings forward three points of error complaining of the overruling of the suppression motion. We will overrule these points and affirm.

At the suppression hearing, Smithville Police Officer Joe Meiron testified that on the afternoon of July 4, 1999, he and his partner received a dispatch regarding a possible DWI on Highway 71. The dispatch described the suspect vehicle as a black Ford pickup, Texas license number TK2500. The officers drove to the indicated location, found the pickup, and began to

follow it. The truck was traveling 50 miles-per-hour in a 70 miles-per-hour zone. The officers saw the vehicle drift from side-to-side within its lane of traffic. On at least two occasions, the truck's outside wheels touched the solid white line defining the outer edge of the highway. The truck also crossed the broken line separating its lane from an onramp. The pickup did not respond when the officers turned on their patrol vehicle's emergency lights, stopping only after the officers used their siren. The pickup was driven by appellant. We need not detail Meiron's testimony regarding appellant's intoxication.

Appellant contends the stop of his vehicle violated the constitutions and statutes of the United States and Texas. *See* U.S. Const. amends. IV, XIV; Tex. Const. art. I, §§ 9, 19; Tex. Code Crim. Proc. Ann. arts. 14.01-.04 (West 1977 & Supp. 2001); Tex. Transp. Code Ann. §§ 542.301, 543.001 (West 1999). Because the district court's ruling does not turn on the credibility of a witness, we will review the order overruling the motion to suppress on a de novo basis. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Appellant argues at length that he did not commit any moving traffic violation in the officers' presence. The State concedes this. Thus, we confine ourselves to the question of whether appellant was lawfully detained to investigate the possibility that he was driving while intoxicated.

In his second and third points of error, appellant asserts that the Texas constitutional and statutory provisions cited above prohibit a police officer from stopping an automobile without probable cause to believe a crime has been or is being committed. The cited statutes state the unarguable proposition that an officer must have probable cause to make an arrest. But a vehicle

stop does not always constitute an arrest. Often, such a stop is merely a temporary investigative detention for which only reasonable suspicion is required. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). Appellant cites no authority holding that the Texas Constitution does not permit an officer to stop a motor vehicle under circumstances giving him reasonable suspicion to believe that the driver is engaged in criminal activity. Points of error two and three are overruled.

A police officer may stop and briefly detain a person for investigative purposes if the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id.* A reasonable suspicion means more than a mere hunch or suspicion. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). A detention is not permissible unless the circumstances objectively support a reasonable suspicion of criminal activity. *Id.*

In this case, the officers were dispatched to investigate a report of a possibly intoxicated driver. There is no further evidence regarding the nature of the report, and we will assume that it came from an anonymous source. While an anonymous tip or telephone call may justify the initiation of an investigation, it alone will rarely establish the level of suspicion required to justify a detention. *Alabama v. White*, 496 U.S. 325, 329 (1990); *Davis v. State*, 989 S.W.2d 859, 863 (Tex. App.–Austin 1999, pet. ref'd). Normally, a police officer must have additional

facts before the officer may reasonably conclude that the tip is reliable and an investigatory detention is justified. *Davis*, 989 S.W.2d at 863. An officer's prior knowledge and experience, and his corroboration of the details of the tip, may be considered in giving the anonymous tip the weight it deserves. *Id.* at 864.

The corroboration of details that are easily obtainable at the time the information is provided, and which do not indicate criminal activity, will not lend support to the tip. *Id*. An accurate description of a subject's readily observable location and appearance will help the police correctly identify the person whom the tipster means to accuse, but does not show that the tipster has knowledge of concealed criminal activity. *Florida v. J. L.*, 529 U.S. 266, 272 (2000). In this case, the officers' discovery of the suspect pickup on Highway 71 did not give them any basis for crediting the tipster's suspicion that the driver of the pickup was intoxicated.

Meiron testified to other observations, however, that did lend support to the tip. Meiron saw appellant weave or drift within his lane of traffic, touching the outside white line more than once and once crossing into an onramp. Meiron stated that appellant had no reason to enter the onramp, and that in his experience it is uncommon for sober drivers to drive in that fashion. Meiron also testified that appellant was driving twenty miles-per-hour below the posted limit, and that appellant failed to respond when the officer turned on the patrol car's emergency lights. While none of the observed conduct was criminal, even innocent acts can give rise to reasonable suspicion under the proper circumstances. *Woods*, 956 S.W.2d at 38.

The opinions on which appellant relies are distinguishable. In *State v. Arriaga*, 5 S.W.3d 804, 807 (Tex. App.–San Antonio 1999, pet. ref'd), and *State v. Tarvin*, 972 S.W.2d

4

910, 912 (Tex. App.–Waco 1998, pet. ref'd), the drivers were stopped solely on the basis of observed drifting or weaving within a single lane of traffic, which the officers erroneously believed to be a moving violation. The officers did not testify that they suspected the drivers of being intoxicated, nor did they point to any other facts to justify the stops.

In *Hernandez v. State*, 983 S.W.2d 867, 870 (Tex. App.–Austin 1998, pet. ref'd), this Court held that a vehicle crossing a lane marker a single time did not support a reasonable suspicion that the driver was intoxicated. We also noted that the officer did not claim to suspect the driver of intoxication.

In *Rheinlander v. State*, 888 S.W.2d 917, 918 (Tex. App.–Austin 1994), *pet. dism'd*, 918 S.W.2d 527 (Tex. Crim. App. 1996), the issue presented was whether the defendant had been lawfully stopped pursuant to a "community caretaker" exception to the Fourth Amendment warrant requirement. It was not contended that the stop was based on reasonable suspicion of intoxication, and we expressed no opinion on that subject.

In *Stewart v. State*, 22 S.W.3d 646, 648 (Tex. App.–Austin 2000, pet. ref'd), an officer stopped a vehicle solely on the basis of an anonymous tip that the driver might be intoxicated. In *Davis*, 989 S.W.2d at 864-65, an officer stopped a vehicle solely on the basis of an anonymous tip that the driver might be smoking marihuana. In neither case was there any meaningful corroboration of the tip.

Officer Meiron and his partner received a report of a possibly intoxicated driver. The officers did not stop appellant solely on the basis of that tip, but instead observed appellant's driving. While the officers did not see appellant commit a moving violation, appellant's conduct

5

and the inferences an experienced officer could draw from that conduct gave the officers reason to credit the tip. While the question is a close one, the totality of the circumstances gave the officers a reasonable, articulable basis for suspecting that appellant was driving while intoxicated and for detaining appellant to investigate their suspicion. Point of error one is overruled.

The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 12, 2001

Publish