State v. Royce Lynn Goodrum

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-135-CR

THE STATE OF TEXAS STATE

V.

ROYCE LYNN GOODRUM APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The State appeals from the trial court’s order granting Royce Lynn Goodrum’s motion to suppress.  
See 
Tex. Code Crim. Proc. Ann.
 art. 44.01(a)(5) (Vernon Supp. 2004).  We will reverse and remand.

Officer C.A. Hunt, a certified peace officer for the City of Sansom Park, testified as the only witness at the hearing on Goodrum’s motion to suppress. He testified that on November 2, 2002, at approximately 12:45 a.m., he was on routine patrol on State Highway 199, Jacksboro Highway, when he observed a vehicle driven by Goodrum traveling about 20 miles per hour on the highway and swerving within its lane.  The vehicle then made a right hand turn into a parking lot, but missed the entrance to the lot and jumped the curb.  After following the car for two blocks, observing the car’s swerving and curb-jumping, Officer Hunt initiated a traffic stop.  Officer Hunt testified that by traveling 20 miles per hour in a 45 mile per hour speed zone Goodrum committed the traffic offense of impeding traffic on a public highway.  He also testified that Goodrum committed the traffic offense of failing to drive in a single marked lane.  On cross-examination, Officer Hunt conceded that no minimum speed limit is posted on Jacksboro Highway, that no traffic was backed up behind Goodrum, and that Goodrum’s swerving was within her lane. The trial court granted Goodrum’s motion to suppress on March 26, 2003.  The State submitted, and the trial court signed, first amended proposed findings of fact and conclusions of law two days later, on March 28, 2003.
 These findings of fact included a finding that “Officer Hunt was a credible and reliable witness.”  Subsequently, after the State had perfected an appeal to this court, on May 8, 2003, the trial court ordered the findings of fact modified “in the following manner:  that portion of the Findings dealing with the credibility of the officer is deleted from the record the Court makes no finding on the issue of credibility.”  The trial court stated on the record that if he had read the findings more closely, “I would have never signed the order that said I found the police officer to be credible.”
(footnote: 2)  Subsequently, the parties filed briefs in this court, and the case was argued on March 3, 2004.

We review a trial court’s ruling granting a motion to suppress by giving almost total deference to a trial court's determination of the historical facts that the record supports.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
Id. 
at 855.  We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact if the resolution of those questions turns on an evaluation of credibility and demeanor.  
Carmouche v. State
, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  We review de novo the trial court's application of law to those facts in the determination of reasonable suspicion and probable cause. 
 Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 88-89.

The first issue we address is whether, as the State contends, we are bound by the trial court’s finding that Officer Hunt was credible, or whether, as Goodrum contends, we are bound by the trial court’s subsequent, express determination that he made no finding as to the credibility of Officer Hunt.  The trial court’s modified fact finding—making no determination as to Officer Hunt’s credibility—is of no consequence here given the trial court’s unmodified fact findings that: Goodrum operated a motor vehicle in a public place on November 2, 2002, at 12:45 a.m. in Tarrant County, Texas; Officer Hunt observed Goodrum driving 20 miles per hour in a 45 mile per hour speed zone; Officer Hunt saw Goodrum weaving within her lane of traffic; and Officer Hunt saw Goodrum drive over a curb as she attempted to turn into a parking lot.  We give deference to these historical facts found by the trial court.  
See Ross
, 32 S.W.3d at 855.   

Stopping an automobile and detaining its occupants is a "seizure" within the meaning of the Fourth Amendment.  
See, e.g., Spight v. State
, 76 S.W.3d 761, 766 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.); 
Morrison v. State
, 71 S.W.3d 821, 827 (Tex. App.—Corpus Christi 2002, no pet.).  
A peace officer's decision to stop an automobile is reasonable under the Fourth Amendment when the officer has reasonable articulable suspicion that criminal activity may be afoot.  
See Terry v. Ohio, 
392 U.S. 1, 30, 88 S.Ct. 1868, 1884 (1968); 
McQuarters v. State, 
58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (upholding stop based on reasonable suspicion DWI was occurring); 
Dowler v. State
, 44 S.W.3d 666, 669 (Tex. App.—Austin 2001, pet. ref’d) (same).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific articulable facts which lead him to conclude that the person is, has been, or soon will be engaged in criminal activity.  
Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

Goodrum frames the issue before us as only whether Officer Hunt possessed a reasonable suspicion that Goodrum committed a 
traffic offense
. Goodrum contends that “the State here never established or even argued that Goodrum’s observed behavior could establish a reasonable suspicion that she was intoxicated.”  At the suppression hearing, the State argued, 

the State’s argument is that driving under the speed, here 20 miles an hour in a 45 mile an hour zone, plus the other indication of driving over a curb, moving within and out of a lane - - or within the lane, but bouncing off the lines . . . leads an officer to have reasonable suspicion that a crime might be going on such as DWI.

Thus, although Officer Hunt testified he initiated the stop based on traffic violations, the issue of whether the facts known to and observed by Officer Hunt objectively supported a reasonable suspicion that Goodrum was driving while intoxicated was placed squarely before the trial court.  The trial court made a conclusion of law that, in part, provides: “The circumstances observed and relied upon by Officer Hunt did not objectively support a reasonable suspicion that the Defendant actually was, had been, or would soon be engaged in criminal activity.”  We review de novo the trial court's application of law to the historical facts in its determination that no reasonable suspicion of DWI existed.  
See Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 88-89.

During Officer Hunt’s 12:45 a.m. observation of Goodrum’s vehicle for two blocks, he observed her driving 20 miles per hour in a 45 mile per hour speed zone, swerving within her lane of traffic—“bouncing from the white stripe, the center stripe, to the shoulder of the roadway,” and turning into a parking lot by partially jumping the curb.  Reviewing de novo the application of the law to these facts, it is clear that the circumstances Officer Hunt viewed gave rise to a reasonable, articulable suspicion that Goodrum was committing the criminal offense of DWI.  
See
 
McQuarters, 
58 S.W.3d at 255; 
Dowler
, 44 S.W.3d at 669; 
see also Brother v. State
, 85 S.W.3d 377, 381 (Tex. App.—Fort Worth 2002, pet. filed) (holding report by 911 caller of erratic driving, similar to that at issue here, provided reasonable suspicion driver was intoxicated).  We hold that the trial court abused its discretion by holding otherwise.  We sustain the State’s sixth point of error, reverse the trial court’s suppression ruling, and remand this case to the trial court.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 6, 2004

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Goodrum claims the trial court expressly disbelieved portions of Officer Hunt’s testimony.  The record before us, however, reflects only that the trial court amended its fact findings to “makes no finding,” favorable or unfavorable, on the issue of Officer Hunt’s credibility.