NUMBER 13-04-433-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________

 

JOE DIXON, JR.,                                                     Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________

 

                  On
appeal from the 357th District Court

                          of Cameron County, Texas.

________________________________
__________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Joe
Dixon, Jr., was charged with aggravated assault.  See Tex.
Pen. Code Ann. ' 22.02(a)(1) & (2) (Vernon Supp. 2004-05).  The trial court dismissed paragraph I of the
indictment which charged appellant with use or exhibition of a deadly
weapon.  After pleading guilty to
paragraph II, charging serious bodily injury, the trial court sentenced
appellant to fifteen years in the Texas Department of Criminal JusticeBInstitutional Division.  The trial court has certified that this case
"[i]s a plea bargain case, but matters were raised by written motion filed
and ruled on before trial and not withdrawn or waived, and the defendant has
the right of appeal."  See Tex. R. App. P. 25.2(a)(2)(A).  By three issues, appellant contends (1) the
evidence was insufficient to support the trial court's ruling that appellant's
arrest was valid, (2) the exclusionary rule applies, and (3) his right of
confrontation was violated.  We affirm.

I.  Facts

All issues of law
presented by this case are well settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts in this memorandum opinion, except as necessary to advise the
parties of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Warrantless Arrest








By his first issue, appellant contends the State presented no evidence
to establish probable cause for his warrantless arrest.[1]  Specifically, appellant contends there was no
evidence that one of the exceptions in chapter 14 of the Texas Code of Criminal
Procedure applied.  See Tex. Code Crim. Proc. Ann. arts. 14.01-.04 (Vernon 2005) (setting out statutory
exceptions to the arrest warrant requirement).

A.  Applicable Law








"In Texas, a
warrantless arrest is permitted only when (1) probable cause for the arrest
exists and (2) at least one of the statutory exceptions to the warrant
requirement is met."  See McGee
v. State, 105 S.W.3d 609, 613 (Tex. Crim. App. 2003) (citing Stull v.
State, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989) (en banc)).  "Probable
cause exists where police have reasonably trustworthy information sufficient to
warrant a reasonable person to believe that a particular person has committed
or is committing an offense."  See
id. (citing Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App.
1991) (en banc)).  When law enforcement
agencies or members of the same agency cooperate in gathering information, the
sum of the information known to the officers involved may be considered in
determining probable cause.  See
Woodward v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1984) (en banc); Wilson
v. State, 98 S.W.3d 265, 271 (Tex. App.BHouston
[1st Dist.] 2002, pet. ref'd).  The test
for probable cause in the case of police broadcasts is the information known to
the officer who made the broadcast request. 
Crane
v. State,
786 S.W.2d 338, 346-47 (Tex. Crim. App. 1990); Williams v. State, 621
S.W.2d 609, 611 (Tex. Crim. App. 1981); see Dowler v. State, 44 S.W.3d
666, 669-70 (Tex. App.BAustin 2001, pet.
denied) (holding that officers may rely on police broadcast to establish
probable cause if information known to officer making broadcast request is
sufficient to establish probable cause). 
The requesting officer need not relate all of the relevant facts, but
only such information as is necessary for the arresting officer to know who is
wanted.   Crane, 786 S.W.2d at 346; Dotsey v.
State, 630 S.W.2d 343, 347 (Tex. Crim. App. 1982).

Article 14.04
provides the following statutory exception to the warrant requirement:

Where it is shown by satisfactory proof to a peace
officer, upon the representation of a credible person, that a felony has been
committed, and that the offender is about to escape, so that there is no time
to procure a warrant, such peace officer may, without warrant, pursue and
arrest the accused.

 

Tex.
Code Crim. Proc. Ann. art. 14.04
(Vernon 2005).  A second exception to the
warrant requirement applies when the peace officer has probable cause to
believe a person has committed an assault resulting in bodily injury to a
member of the person's family.  See id.
at art. 14.03(a)(3).

B.  Analysis

Appellant
contends there was no evidence to support either of the above exceptions.  We disagree.








At the
suppression hearing, Investigator David Rodriguez of the Cameron County
Sheriff's Department testified that he responded to a call from the medical
center in Harlingen, Texas, regarding an aggravated assault.  He interviewed the victim and described the
victim's injuries as follows:  "she
had a neck brace on, and she was bleeding all over her hair, all over her neck,
her entire body.  She was just in real
bad shape."  He testified that, due
to the extensive injuries, he believed the offense to be a felony.  The victim told Investigator Rodriguez that
her husband, Joe Dixon, had beaten her. 
The victim also informed Investigator Rodriguez that Dixon had relatives
in Corpus Christi, Texas.   He continued
his investigation by obtaining information regarding appellant and his vehicle,
and he took pictures of the victim's injuries. 
Investigator Rodriguez further testified that after completing the
interview, he contacted Sergeant Rudy Delgado. 
Investigators Rodriguez and Lawrence Cole went to the Dixon residence to
locate appellant.  They found no one home
but did find  blood outside on the cement
steps.  Investigator Cole testified that
he observed a blood trail from the front door to the carport.  Investigator Rodriguez related that they went
to the unit where they called an all points bulletin (APB) and advised the
District Six area of the person they were looking for and his vehicle.

Sergeant Delgado,
who was in charge of the investigation and had sent officers to the hospital to
investigate the aggravated assault, testified that he issued an APB after
receiving information about appellant from his officers.  He further testified that, upon notice that
appellant had relatives in Corpus Christi, he asked the dispatcher to contact
the Border Patrol checkpoint in Sarita, Texas, to advise them of the
possibility of appellant traveling north. 
Shortly thereafter appellant was detained and arrested by Border Patrol
agents at the Sarita checkpoint.








Considering the
evidence, the reasonably trustworthy information elicited from the victim was
sufficient to warrant Investigator Rodriguez to believe that appellant had
committed an aggravated assault, that appellant=s wife
was the victim, and that appellant was about to escape.  The sheriff's department had knowledge of
appellant's name, his relationship to the victim, the victim's statement and a
description of her injuries.  The APB was
issued based on information provided by the officers, and Sergeant Delgado had the dispatcher contact the
Border Patrol checkpoint to advise them that appellant might be traveling
north.  After being contacted, the Border Patrol
agent detained and arrested appellant. 
We conclude that the evidence establishes that the sum of the information known to the officers
involved in gathering the information was sufficient to provide the Border
Patrol agent with probable cause to arrest under either article 14.03(a)(3) or
article 14.04.  See Tex. Code Crim. Proc. Ann. arts.
14.03(a)(3), 14.04 (Vernon 2005); McGee, 105 S.W.3d at 613; see also
Woodward, 668 S.W.2d at 344.  There
is also evidence that at least one of the statutory exceptions to the warrant
requirement was met.  See McGee,
105 S.W.3d at 613.  The warrantless
arrest was justified under either article 14.03(a)(3) or article 14.04.  See Tex. Code Crim. Proc. Ann. arts. 14.03(a)(3),14.04 (Vernon 2005).  Appellant's first issue is overruled.

III.  Applicability of
Exclusionary Rule








Appellant contends by his second issue that this Court should exercise
its supervisory authority by applying the exclusionary rule to appellant's
arrest because of allegedly egregious police misconduct.  See id. at art. 38.23(a) (providing
that no evidence obtained by an officer in violation of any provisions of the
Constitution or laws of Texas or the United States shall be admitted in
evidence against the accused on the trial of any criminal case).  However, we have determined that the arrest
was a lawful warrantless arrest, and therefore, application of the exclusionary
rule is not warranted.  We overrule
appellant's second issue.

IV.  Confrontation Clause Claim








By his third
issue, appellant contends his right to confrontation was violated at the motion
to suppress hearing because he did not have the opportunity to confront the
victim who did not testify.     See
Crawford v. Washington, 541 U.S. 36, 61-69 (2004) (setting out and
comparing confrontational clause scrutiny of non-testimonial hearsay and
testimonial hearsay).  Admission of hearsay evidence against a
criminal defendant implicates the confrontation clause of the Sixth Amendment
because the defendant is not afforded an opportunity to confront the
out-of-court declarant.  Simpson v.
State, 119 S.W.3d 262, 269 (Tex. Crim. App. 2003); Guidry v. State,
9 S.W.3d 133, 149 (Tex. Crim. App. 1999) (citing Ohio v. Roberts, 448
U.S. 56, 65-66 (1980)).  However, appellant did not
make a Crawford objection to testimony of the investigating officer who
did testify about the information he received from the victim.  See
Crawford, 541 U.S. at 61-69.  By failing to object on confrontation clause
grounds, appellant has not preserved this contention for our review.  See Tex.
R. App. P. 33.1(a); Wright v. State, 28 S.W.3d 526, 536 (Tex.
Crim. App. 2000) (holding that objection at trial is required to preserve error
on confrontation clause grounds).

V.  Conclusion

Accordingly,
we affirm the judgment of the trial court.                                                                                     

 

NELDA
V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 26th day of
August, 2005.

 











[1]Appellant
does not challenge the investigatory stop at the Sarita Checkpoint.  Appellant does contend that his detention,
beyond the initial stop, constituted a warrantless arrest. 
For the purposes of this appeal we will assume without
determining that appellant was placed under arrest without a warrant by the
Border Patrol agent who, as a customs agent, had the power to arrest appellant
as a felony offender under the laws of Texas. 
See Tex. Code
Crim. Proc. Ann. art.
2.122(a)(3), (10) (Vernon 2005); Gutierrez v. State, 22 S.W.3d 75, 85
(Tex. App.BCorpus Christi 2000, no pet.)
(citing United States v. Thompson, 475 F.2d 1359, 1362-63 (5th Cir.
1973) (providing that Border Patrol agents are designated by the Bureau of
Customs as customs agents).  We further
note that "[w]ith the establishment of the Department of Homeland Security
(DHS), the functions, expertise, resources and jurisdictions of several
once-fragmented border and security agencies [including Border Patrol and
Customs] were merged and reconstituted into Immigration and Customs Enforcement
(ICE), the DHS's largest investigative bureau."  U.S. Immigration and Customs Enforcement,
Organization, at http://www.ice.gov./graphics/about/organization/
(last visited August 25, 2005).