Stephen Jeffrey Johnson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-497-CR

STEVEN JEFFREY JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Steven Jeffrey Johnson appeals his conviction for driving while intoxicated (DWI).  Officer Darren Medlin, an officer with the Grapevine Police Department who initiated the stop of the vehicle driven by Johnson and who subsequently arrested Johnson for DWI, died prior to Johnson’s trial for DWI.  At trial, the State authenticated the videotape of the stop made by Officer Medlin’s dash-mounted video camera.  Trial was to the court, and the trial court ruled that portions of the videotape were admissible.  In a single point, Johnson complains that the trial court erred by denying his motion to suppress because the videotape from Officer Medlin’s patrol car fails to establish that Officer Medlin possessed reasonable suspicion to detain him or probable cause to arrest him.

The tape begins as Officer Medlin is driving behind the vehicle driven by Johnson.  The tape shows Johnson’s vehicle swerving over into the adjoining lane several times.  The tape shows Officer Medlin turn on his lights and initiate a stop.  Officer Medlin conducted field sobriety tests, and the tape documents that Johnson failed the tests.
(footnote: 2)  Officer Medlin arrested Johnson for DWI.  The trial court denied Johnson’s motion to suppress the portion of the videotape documenting his stop and arrest.

The tape also recorded the events that occurred in the intoxilyzer room after Johnson’s arrest, but the trial court granted Johnson’s motion to suppress concerning this portion of the tape.  The trial court  sustained Johnson’s objection that Officer Medlin’s statements on the videotape concerning Johnson’s driving behavior constituted hearsay and indicated that the court would not consider those statements. 

At the conclusion of trial, based upon the admissible portions of the videotape and the remaining evidence, the trial court found that Johnson did not have normal use of his faculties when Officer Medlin stopped him.  The trial court found Johnson guilty of DWI and sentenced him to ninety days’ confinement probated over two years and assessed a $700 fine.  This appeal followed.

Johnson argues that the tape alone is not enough to prove that Officer Medlin possessed reasonable suspicion to initiate a stop.
(footnote: 3)  We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  
We do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.–Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we review de novo a trial court’s rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53.  When a trial court does not make express findings of historical facts, as is the case here, the facts are viewed in a light favorable to the trial court’s ruling.  
See Loserth v. State
, 963 S.W.2d 770, 774 (Tex. Crim. App. 1998). 

In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).  However, this general rule is inapplicable when the suppression issue has been consensually litigated by the parties during the trial on the merits.  
See id
.  Here, because the trial court carried Johnson’s motion to suppress the videotape along with the bench trial, we consider the evidence admitted at trial in reviewing the trial court’s suppression ruling.

Stopping an automobile and detaining its occupants is a “seizure” within the meaning of the Fourth Amendment.  
See, e.g.
, 
Spight v. State
, 76 S.W.3d 761, 766 (Tex. App.–Houston [1st Dist.] 2002, no pet.); 
Morrison v. State
, 71 S.W.3d 821, 827 (Tex. App.–Corpus Christi 2002, no pet.).  A peace officer's decision to stop an automobile is reasonable under the Fourth Amendment when the officer has reasonable, articulable suspicion that criminal activity may be afoot.  
See Terry v. Ohio
, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968); 
McQuarters v. State
, 58 S.W.3d 250, 255 (Tex. App.–Fort Worth 2001, pet. ref'd) (upholding stop based on reasonable suspicion that defendant was driving while intoxicated); 
Dowler v. State
, 44 S.W.3d 666, 669 (Tex. App.–Austin 2001, pet. ref'd) (same).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific articulable facts that lead him to conclude that the person is, has been, or soon will be engaged in criminal activity.  
Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).
 We hold that the admissible portions of the videotape viewed by the trial court and reviewed by this court, establish reasonable suspicion supporting Officer Medlin’s stop of Johnson to investigate the possible offense of DWI.  
See McQuarters
, 58 S.W.3d at 255; 
Dowler
, 44 S.W.3d at 669.  Once Johnson failed the field sobriety tests, Officer Medlin possessed probable cause to arrest him for DWI.  
See. e.g., McRae v. State
, 152 S.W.3d 739, 749 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (recognizing officer had probable cause to arrest after appellant failed the field sobriety tests).  Accordingly, the trial court did not err when it denied Johnson’s motion to suppress.  
See Carmouche
, 10 S.W.3d at 327-28.  We overrule Johnson’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 1, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The State called Sergeant Jerry McDuff of the Dallas/Fort Worth International Airport Department of Public Safety as an expert witness, and he testified that the tape demonstrated Johnson’s failure of the field sobriety tests.  The trial court excluded Sergeant McDuff’s opinion that Johnson had committed a traffic violation and that Johnson was intoxicated.  

3:
Johnson frames his issue as including a violation of not only the Fourth Amendment of the United States Constitution but also article I, section 9 of the Texas Constitution.  Because Johnson provides no distinction between these two provisions in the analysis set forth in his brief, we limit our analysis to the Fourth Amendment.  
See Welch v. State
, 93 S.W.3d 50, 52 (Tex. Crim. App. 2002).