# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-05-00217-CR

---

**Thomas Paul Stevenson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY**
**NO. 676,241, HONORABLE JAN BRELAND, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

After the trial court denied Thomas Paul Stevenson's motion to suppress evidence, he pleaded no contest to a charge of driving while intoxicated (DWI), first offense. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2005). The trial court sentenced him to ninety days in jail and a $2,000 fine, suspended imposition of the jail time and $1,500 of the fine, and placed appellant on community supervision for eighteen months. The trial court also certified his right to appeal rulings on written pretrial motions. *See* Tex. R. App. P. 25.2(a)(2). Appellant contends that the trial court erred by denying his motion to suppress evidence developed after he was detained by a police officer operating outside of the police officer's jurisdiction. We affirm the judgment.

On Sunday, July 25, 2004, Officer John Lake of the Austin Police Department was patrolling an area on the western edge of the City of Austin. At 12:37 a.m., Lake saw appellant pull

out of a convenience store on Ranch to Market Road 620 and drive west on Bullick Hollow Road. Over the course of approximately one mile, Lake saw appellant's vehicle swerve off the road and continue to drive with its right wheels about four feet off of the pavement for approximately one hundred feet before swerving back onto the road. Lake testified that appellant swerved within his lane, then swerved into the lane of oncoming traffic just after an oncoming vehicle had passed. He characterized appellant's incursion into the oncoming lane as "dangerous." Lake said that, after appellant returned to the proper lane, Lake "figured it was just best just to stop him from driving altogether and pulled him over." Lake then got out of his car and asked for appellant's driver's license.

While speaking with appellant after the stop, Lake noticed that appellant was exhibiting signs of intoxication including glassy eyes, mumbling, and head-swaying. Lake then asked appellant to step out of the vehicle and perform a series of field sobriety tests. After Lake administered the tests, he arrested appellant for DWI. Appellant's blood-alcohol level was over the legal limit.

Appellant filed a motion to suppress evidence collected during the traffic stop because it occurred outside of Lake's jurisdiction. Although the stop occurred outside the city limits of Austin, the trial court denied appellant's motion to suppress. The trial court concluded that Lake had authority to detain appellant based on a reasonable suspicion that appellant was committing more than mere traffic offenses and was driving while intoxicated.

On appeal, appellant reiterates his contention that Lake did not have the authority to detain appellant outside the City of Austin. Appellant argues that his driving consisted of mere traffic offenses observed by Lake outside the city limits of Austin. Because the parties do not dispute

on appeal whether the stop occurred outside the city limits of Austin, we will focus on whether Lake had authority to detain appellant despite the fact that the stop occurred outside of Lake's jurisdiction.

We apply a bifurcated standard to review an order granting or denying a motion to suppress. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court must give almost total deference to a trial court's determination of the historical facts that the record supports, especially when those fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the same deference to a trial court's rulings on mixed questions of law and fact if those decisions turn upon the credibility and demeanor of the witnesses. *Id*.; *Hayes v. State*, 132 S.W.3d 147, 151 (Tex. App.—Austin 2004, no pet.). We review de novo mixed questions of fact and law that do not turn on credibility determinations, as well as pure questions of law such as the application of search and seizure law to particular facts. *Carmouche*, 10 S.W.3d at 327. At a hearing on a motion to suppress, the State must prove the warrantless search's legality by clear and convincing evidence. *See Pierce v. State*, 32 S.W.3d 247, 250 (Tex. Crim. App. 2000).

The State argues that Lake's detention of appellant was authorized under Article 14.03(d) of the Texas Code of Criminal Procedure. This subsection provides that "a peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace." Tex. Code Crim. Proc. Ann. art. 14.03(d) (West 2005). Chapter 49 of the Penal Code describes intoxication offenses and includes DWI.

Courts have applied the reasonable suspicion standard found in *Terry v. Ohio*, 392 U.S. 1, 30 (1968), to determine whether a police officer could believe an offense was being

committed. *See Brother v. State*, 166 S.W.3d 255, 256 (Tex. Crim. App. 2005). A police officer may stop and briefly detain a person for investigative purposes if the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that criminal activity may be occurring. *Terry*, 392 U.S. at 30. The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances. *Dowler v. State*, 44 S.W.3d 666, 669 (Tex. App.—Austin 2001, pet. ref'd) (citing *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)). A detention is not permissible unless the circumstances objectively support a reasonable suspicion of criminal activity. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).

Many courts have assessed whether a driver's performance provides reasonable suspicion of DWI supporting a traffic stop. As a review of the cases demonstrates, the assessment of the propriety of the stop can change based on very subtle differences in the circumstances. For example, in *Hernandez v. State*, this Court found that the evidence did not give rise to reasonable suspicion that a driver was intoxicated. 983 S.W.2d 867, 870 (Tex. App.—Austin 1998, pet. ref'd). The arresting officer testified that Hernandez swerved to the left before correcting, thus failing to maintain a single, marked lane. *Id.* at 868. The officer testified that the only reason he stopped the car was because he was concerned about Hernandez's well-being. *Id.* The officer did not testify to facts indicating intoxication or experiential factors that caused him to believe that the driver was intoxicated. This Court concluded that this evidence was inadequate to show that the stop was reasonable. *Id.*

In other cases, courts have suppressed evidence derived after officers outside of their jurisdiction stopped vehicles because the testimony showed only observation of traffic offenses, not

4

reasonable suspicion of some other offense. In *State v. Kurtz*, the defendant was stopped after his car wandered between the right lane and the shoulder of a highway several times for several seconds at a time. 152 S.W.3d 72, 73 (Tex. Crim. App. 2005). The police officer also testified that the defendant was driving unsafely and came fairly close to a stopped vehicle at one point. *Id*. at 81-82 (recitation of testimony in dissenting opinion by Holcomb, J.). When questioned, the officer testified that he stopped the driver for driving on the improved shoulder. *Id*. The *Kurtz* court affirmed the suppression of evidence of intoxication based on the trial court's finding that "the only possible offenses that the officer may have initially observed were traffic offenses." *Id.* at 79. In *Pierce v. State*, the defendant was stopped after overtaking a police officer on the left and then swerving in front of the police officer's vehicle driving in the right lane. 32 S.W.3d at 248. The police officer repeatedly and specifically testified at trial that he stopped the defendant for traffic offenses. *Id.* In *Perkins v. State*, the defendant was detained after an airport police officer witnessed defendant speed and slide through a red light. 812 S.W.2d 326, 326 (Tex. Crim. App. 1991). It was not disputed that the initial stop was for a traffic citation. *Id.* at 327, 329.

By contrast, the evidence adduced in *Dowler v. State* showed that the officers had a reasonable suspicion that a DWI offense was occurring, justifying a stop. In *Dowler*, police officers received a report of a possible DWI in progress. 44 S.W.3d at 668. They witnessed the vehicle described in the report drifting from side to side within its own lane and saw the vehicle's wheels touch the solid white line defining the outer edge of the highway. *Id.* at 668-69. Dowler's vehicle also crossed the broken line separating its lane from an onramp. *Id.* at 669. Dowler also was driving twenty miles per hour below the speed limit. *Id*. at 670. This Court stated that, "while none of the

5

observed conduct was criminal, even innocent acts can give rise to reasonable suspicion under the proper circumstances." *Id*. (citing *Woods*, 956 S.W.2d at 38). This Court held that the totality of the circumstances—the contents of the informant's tip combined with the officers' observations and experience—gave the police officers a reasonable, articulable basis for suspecting that the defendant was driving while intoxicated and for detaining the defendant to investigate based on their suspicion. *Id*. at 671. This Court found that these circumstances were distinct from those in *Hernandez*. *See id.*

The evidence in *Brother v. State* persuaded the trial court, the court of appeals, and the court of criminal appeals that the driver's conduct supported the officer's extra-jurisdictional stop. *See* 166 S.W.3d at 260. A police officer outside of his jurisdiction responded to an emergency telephone call made by another driver who saw the defendant speeding, tailgating, and weaving across several lanes of traffic. *Id.* at 256-57. The informant stayed on the telephone with the dispatcher until the police officer was able to locate and stop the defendant's vehicle. *Id.* at 257. The police officer did not see the defendant's conduct, but relied on the informant's observations to stop the vehicle. *Id.* at 258. The *Brother* court found that, under the totality of the circumstances, the stop was reasonable and that, based on the police officer's testimony, which recounted the driving behavior the informant reported, the trial court could have reasonably found that an intoxication offense was taking place. *Id.* at 259-60. The court of criminal appeals concluded that these facts supported a stop under Article 14.03(d). *Id.* at 261.

This is a close case. We conclude that Lake's observations provided objective support for a reasonable suspicion of DWI, supporting a stop. While observing appellant's driving

6

for approximately one mile at 12:37 on a Sunday morning, Lake saw appellant's vehicle drift within its own lane, drive off the edge of the road for about 100 feet, swerve back onto the road, and swerve into the opposite lane, narrowly missing an oncoming vehicle. Lake described appellant's driving as dangerous and stated that appellant needed to be stopped from driving further. The erratic and dangerous driving he witnessed could raise a reasonable suspicion of intoxication. This is more than a single swerve to the left (*Hernandez,* 983 S.W.2d at 868), driving on the shoulder for several seconds (*Kurtz*, 152 S.W.3d at 73), abruptly passing a vehicle (*Pierce*, 32 S.W.3d at 248), or speeding and sliding through a stop light (*Perkins*, 812 S.W.2d at 326). Based on the totality of the circumstances, we find that the evidence supports the trial court's denial of the motion to suppress because the evidence objectively supports a reasonable suspicion that appellant was driving while intoxicated in violation of Chapter 49 of the Penal Code. That, in turn, provides clear and convincing evidence in support of the trial court's decision that Lake could lawfully detain appellant pursuant to Article 14.03(d) of the Texas Code of Criminal Procedure.

We affirm the order of the trial court denying appellant's motion to suppress and affirm the conviction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: June 15, 2006

Do Not Publish

7