TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-05-00217-CR




Thomas Paul Stevenson, Appellant

v.

The State of Texas, Appellee





FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
NO. 676,241, HONORABLE JAN BRELAND, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        After the trial court denied Thomas Paul Stevenson’s motion to suppress evidence,
he pleaded no contest to a charge of driving while intoxicated (DWI), first offense. See Tex. Pen.
Code Ann. § 49.04 (West Supp. 2005). The trial court sentenced him to ninety days in jail and a
$2,000 fine, suspended imposition of the jail time and $1,500 of the fine, and placed appellant on
community supervision for eighteen months. The trial court also certified his right to appeal rulings
on written pretrial motions. See Tex. R. App. P. 25.2(a)(2). Appellant contends that the trial court
erred by denying his motion to suppress evidence developed after he was detained by a police officer
operating outside of the police officer’s jurisdiction. We affirm the judgment.
                        On Sunday, July 25, 2004, Officer John Lake of the Austin Police Department was
patrolling an area on the western edge of the City of Austin. At 12:37 a.m., Lake saw appellant pull
out of a convenience store on Ranch to Market Road 620 and drive west on Bullick Hollow Road. 
Over the course of approximately one mile, Lake saw appellant’s vehicle swerve off the road and
continue to drive with its right wheels about four feet off of the pavement for approximately one
hundred feet before swerving back onto the road. Lake testified that appellant swerved within his
lane, then swerved into the lane of oncoming traffic just after an oncoming vehicle had passed. He
characterized appellant’s incursion into the oncoming lane as “dangerous.” Lake said that, after
appellant returned to the proper lane, Lake “figured it was just best just to stop him from driving
altogether and pulled him over.” Lake then got out of his car and asked for appellant’s driver’s
license.
                        While speaking with appellant after the stop, Lake noticed that appellant was
exhibiting signs of intoxication including glassy eyes, mumbling, and head-swaying. Lake then
asked appellant to step out of the vehicle and perform a series of field sobriety tests. After Lake
administered the tests, he arrested appellant for DWI. Appellant’s blood-alcohol level was over the
legal limit. 
                        Appellant filed a motion to suppress evidence collected during the traffic stop because
it occurred outside of Lake’s jurisdiction. Although the stop occurred outside the city limits of
Austin, the trial court denied appellant’s motion to suppress. The trial court concluded that Lake had
authority to detain appellant based on a reasonable suspicion that appellant was committing more
than mere traffic offenses and was driving while intoxicated.
                        On appeal, appellant reiterates his contention that Lake did not have the authority to
detain appellant outside the City of Austin. Appellant argues that his driving consisted of mere
traffic offenses observed by Lake outside the city limits of Austin. Because the parties do not dispute
on appeal whether the stop occurred outside the city limits of Austin, we will focus on whether Lake
had authority to detain appellant despite the fact that the stop occurred outside of Lake’s jurisdiction. 
                        We apply a bifurcated standard to review an order granting or denying a motion to
suppress. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court
must give almost total deference to a trial court’s determination of the historical facts that the record
supports, especially when those fact findings are based on an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the same deference to a trial
court’s rulings on mixed questions of law and fact if those decisions turn upon the credibility and
demeanor of the witnesses. Id.; Hayes v. State, 132 S.W.3d 147, 151 (Tex. App.—Austin 2004, no
pet.). We review de novo mixed questions of fact and law that do not turn on credibility
determinations, as well as pure questions of law such as the application of search and seizure law
to particular facts. Carmouche, 10 S.W.3d at 327. At a hearing on a motion to suppress, the State
must prove the warrantless search’s legality by clear and convincing evidence. See Pierce v. State,
32 S.W.3d 247, 250 (Tex. Crim. App. 2000).
                        The State argues that Lake’s detention of appellant was authorized under Article
14.03(d) of the Texas Code of Criminal Procedure. This subsection provides that “a peace officer
who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within
the officer’s presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code,
or a breach of the peace.” Tex. Code Crim. Proc. Ann. art. 14.03(d) (West 2005). Chapter 49 of the
Penal Code describes intoxication offenses and includes DWI.
                        Courts have applied the reasonable suspicion standard found in Terry v. Ohio, 392
U.S. 1, 30 (1968), to determine whether a police officer could believe an offense was being
committed. See Brother v. State, 166 S.W.3d 255, 256 (Tex. Crim. App. 2005). A police officer
may stop and briefly detain a person for investigative purposes if the officer, in light of his
experience, has a reasonable suspicion supported by articulable facts that criminal activity may be
occurring. Terry, 392 U.S. at 30. The reasonableness of a temporary detention must be examined
in terms of the totality of the circumstances. Dowler v. State, 44 S.W.3d 666, 669 (Tex.
App.—Austin 2001, pet. ref’d) (citing Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)). 
A detention is not permissible unless the circumstances objectively support a reasonable suspicion
of criminal activity. Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).
                        Many courts have assessed whether a driver’s performance provides reasonable
suspicion of DWI supporting a traffic stop. As a review of the cases demonstrates, the assessment
of the propriety of the stop can change based on very subtle differences in the circumstances. For
example, in Hernandez v. State, this Court found that the evidence did not give rise to reasonable
suspicion that a driver was intoxicated. 983 S.W.2d 867, 870 (Tex. App.—Austin 1998, pet. ref’d). 
The arresting officer testified that Hernandez swerved to the left before correcting, thus failing to
maintain a single, marked lane. Id. at 868. The officer testified that the only reason he stopped the
car was because he was concerned about Hernandez’s well-being. Id. The officer did not testify to
facts indicating intoxication or experiential factors that caused him to believe that the driver was
intoxicated. This Court concluded that this evidence was inadequate to show that the stop was
reasonable. Id.
                        In other cases, courts have suppressed evidence derived after officers outside of their
jurisdiction stopped vehicles because the testimony showed only observation of traffic offenses, not
reasonable suspicion of some other offense. In State v. Kurtz, the defendant was stopped after his
car wandered between the right lane and the shoulder of a highway several times for several seconds
at a time. 152 S.W.3d 72, 73 (Tex. Crim. App. 2005). The police officer also testified that the
defendant was driving unsafely and came fairly close to a stopped vehicle at one point. Id. at 81-82
(recitation of testimony in dissenting opinion by Holcomb, J.). When questioned, the officer testified
that he stopped the driver for driving on the improved shoulder. Id. The Kurtz court affirmed the
suppression of evidence of intoxication based on the trial court’s finding that “the only possible
offenses that the officer may have initially observed were traffic offenses.” Id. at 79. In Pierce v.
State, the defendant was stopped after overtaking a police officer on the left and then swerving in
front of the police officer’s vehicle driving in the right lane. 32 S.W.3d at 248. The police officer
repeatedly and specifically testified at trial that he stopped the defendant for traffic offenses. Id. In
Perkins v. State, the defendant was detained after an airport police officer witnessed defendant speed
and slide through a red light. 812 S.W.2d 326, 326 (Tex. Crim. App. 1991). It was not disputed that
the initial stop was for a traffic citation. Id. at 327, 329. 
                        By contrast, the evidence adduced in Dowler v. State showed that the officers had a
reasonable suspicion that a DWI offense was occurring, justifying a stop. In Dowler, police officers
received a report of a possible DWI in progress. 44 S.W.3d at 668. They witnessed the vehicle
described in the report drifting from side to side within its own lane and saw the vehicle’s wheels
touch the solid white line defining the outer edge of the highway. Id. at 668-69. Dowler’s vehicle
also crossed the broken line separating its lane from an onramp. Id. at 669. Dowler also was driving
twenty miles per hour below the speed limit. Id. at 670. This Court stated that, “while none of the
observed conduct was criminal, even innocent acts can give rise to reasonable suspicion under the
proper circumstances.” Id. (citing Woods, 956 S.W.2d at 38). This Court held that the totality of
the circumstances—the contents of the informant’s tip combined with the officers’ observations and
experience—gave the police officers a reasonable, articulable basis for suspecting that the defendant
was driving while intoxicated and for detaining the defendant to investigate based on their suspicion. 
Id. at 671. This Court found that these circumstances were distinct from those in Hernandez. See
id.
                        The evidence in Brother v. State persuaded the trial court, the court of appeals, and
the court of criminal appeals that the driver’s conduct supported the officer’s extra-jurisdictional
stop. See 166 S.W.3d at 260. A police officer outside of his jurisdiction responded to an emergency
telephone call made by another driver who saw the defendant speeding, tailgating, and weaving
across several lanes of traffic. Id. at 256-57. The informant stayed on the telephone with the
dispatcher until the police officer was able to locate and stop the defendant’s vehicle. Id. at 257. 
The police officer did not see the defendant’s conduct, but relied on the informant’s observations to
stop the vehicle. Id. at 258. The Brother court found that, under the totality of the circumstances,
the stop was reasonable and that, based on the police officer’s testimony, which recounted the
driving behavior the informant reported, the trial court could have reasonably found that an
intoxication offense was taking place. Id. at 259-60. The court of criminal appeals concluded that
these facts supported a stop under Article 14.03(d). Id. at 261.
                        This is a close case. We conclude that Lake’s observations provided objective
support for a reasonable suspicion of DWI, supporting a stop. While observing appellant’s driving
for approximately one mile at 12:37 on a Sunday morning, Lake saw appellant’s vehicle drift within
its own lane, drive off the edge of the road for about 100 feet, swerve back onto the road, and swerve
into the opposite lane, narrowly missing an oncoming vehicle. Lake described appellant’s driving
as dangerous and stated that appellant needed to be stopped from driving further. The erratic and
dangerous driving he witnessed could raise a reasonable suspicion of intoxication. This is more than
a single swerve to the left (Hernandez, 983 S.W.2d at 868), driving on the shoulder for several
seconds (Kurtz, 152 S.W.3d at 73), abruptly passing a vehicle (Pierce, 32 S.W.3d at 248), or
speeding and sliding through a stop light (Perkins, 812 S.W.2d at 326). Based on the totality of the
circumstances, we find that the evidence supports the trial court’s denial of the motion to suppress
because the evidence objectively supports a reasonable suspicion that appellant was driving while
intoxicated in violation of Chapter 49 of the Penal Code. That, in turn, provides clear and
convincing evidence in support of the trial court’s decision that Lake could lawfully detain appellant
pursuant to Article 14.03(d) of the Texas Code of Criminal Procedure.
                        We affirm the order of the trial court denying appellant’s motion to suppress and
affirm the conviction.
 
                                                                        __________________________________________
                                                                        G. Alan Waldrop, Justice
Before Chief Justice Law, Justices Pemberton and Waldrop
Affirmed
Filed: June 15, 2006
Do Not Publish