TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00393-CR




Katherine Frances Hankins, Appellant


v.


The State of Texas, Appellee





FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
NO. 677205, HONORABLE DAVID CRAIN, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N


                        After her motion to suppress evidence was overruled, appellant Katherine Frances
Hankins pleaded no contest to an information accusing her of misdemeanor driving while
intoxicated. See Tex. Pen. Code Ann. § 49.04 (West 2003). The county court at law assessed
punishment at 120 days’ confinement and a $2000 fine, but suspended imposition of sentence and
placed her on community supervision for two years. Appellant contends on appeal that she was
seized and evidence was obtained in violation of the United States and Texas Constitutions and
Texas Code of Criminal Procedure art. 38.23. See U.S. Const. amends. IV, XIV; Tex. Const. art.
1, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005) (evidence obtained in violation of state
or federal constitution inadmissible). For the reasons that follow, we affirm the judgment.
 
FACTUAL BACKGROUND
                        At the suppression hearing, Austin Police Officer Adam Johnson testified that just
before three o’clock on the morning of August 10, 2004, he observed a car make a “very abrupt lane
change” across two lanes of traffic on Sixth Street. His suspicion aroused because of the hour,
location, and manner of the driving, Johnson followed the car as it made a quick turn onto Brazos
Street. By the time he turned onto Brazos, Johnson saw that the car was already parked. As he and
his partner watched, appellant, the female driver, exchanged seats with her male passenger. The
passenger exited the vehicle and appellant “scooted” across the seat to the passenger side. As the
officers backed up to position their vehicle near appellant’s car, one of the officers leaned out of the
window and said, “What’s going on?” Johnson got out of the police car and approached appellant’s
car.
                        Johnson testified that no one was in the driver’s seat, and he did not say or do
anything to make the occupants think they could not leave. The male passenger told Johnson that
he was going to ride his bicycle home. Johnson observed a bicycle on the back of the car. As
Johnson approached appellant on the passenger side to ask her what was going on, she responded
to his question in speech so slurred that he could not understand her. Her eyes were bloodshot and
watery, and Johnson believed her to be intoxicated. Appellant told Johnson that she had come from
the Ritz, a bar on Sixth Street, and had consumed several beers and shots. She pulled over because
she realized that she should not be driving. After she failed the standard sobriety tests, Johnson
placed her under arrest. 
                        The male passenger, Timothy Carr, also testified at the hearing. Carr testified that
when they were approached by the police officers, he had the keys to the ignition in his hand and was
in the driver’s seat. In response to the question, “What’s going on?,” Carr testified that he told the
officers that he was going to drive appellant home. He testified that the officers backed up to
appellant’s car and told them to “wait there.” He testified, “I was told I had to stay there.”

ANALYSIS
                        On appeal, appellant contends that the situation escalated from a consensual
encounter to a seizure the moment Carr and appellant “yielded to the officers’ show of authority.” 
Appellant urges that the officers did not witness a traffic violation or any act that would suggest
criminal activity was afoot and that therefore the officers’ actions constituted a seizure without
reasonable suspicion in violation of the Fourth and Fourteenth Amendments of the United States
Constitution, Article 1, Section 9 of the Texas Constitution, and Texas Code of Criminal Procedure
article 38.23. See U.S. Const. amends. IV, XIV; Tex. Const. art. 1, § 9; Tex. Code Crim. Proc. Ann.
art. 38.23. 
                        We conduct a bifurcated review of a trial court’s suppression ruling, giving almost
total deference to the trial court’s findings of fact, but conducting a de novo review of the trial
court’s application of law to those facts. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App.
2002); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). 
When the trial court fails to file findings of fact, we view the evidence in the light most favorable
to the ruling and assume the trial court made implicit findings of fact that support its ruling as long
as those findings are supported by the record. Ross, 32 S.W.3d at 855. Further, if the trial court’s
decision is correct on any theory of law applicable to the case, the decision will be sustained. Id. at
856.
                        Citing numerous cases relating to traffic “stops,” appellant complains that the officers
did not witness any conduct that would constitute a traffic violation sufficient to justify a stop, nor
did they witness anything that would make them suspect that criminal activity was afoot. But as the
trial court explained in overruling the motion to suppress at the close of evidence,
 
[T]he officer did not stop the car. The car stopped itself. And there was enough to
hang the hat on there for why he stopped his car and went over there and saw what
he called erratic driving. And he saw the car stop and saw the driver move over as
the police officer pulled down the street behind her. And I think that’s enough reason
to approach the driver. And the driver was over on the other side. And when he
asked the driver a question and she slurred her speech, to the point of not even
intelligible [sic], I think that’s reason enough to continue the investigation at that
point. And, of course, it’s not much in dispute what happened after that.


                        Appellant’s case is distinguishable from those in which a citizen is pulled over for
a traffic violation. See, e.g., Corbin v. State, 85 S.W.3d 272, 274-75 (Tex. Crim. App. 2002). Not
all encounters with the police implicate the Fourth Amendment’s protection against unreasonable
seizures. Florida v. Bostick, 501 U.S. 429, 434 (1991); Hunter v. State, 955 S.W.2d 102, 104 (Tex.
Crim. App. 1997). There are three distinct categories of interactions between police officers and
citizens: encounters, investigative detentions, and arrests. State v. Perez, 85 S.W.3d 817, 819 (Tex.
Crim. App. 2002). An encounter needs no justification, a detention requires reasonable suspicion,
and an arrest must be supported by probable cause. Johnson v. State, 912 S.W.2d 227, 235 (Tex.
Crim. App. 1995). Police officers do not violate either the state or federal constitution by
approaching an individual on the street or in another public place and questioning him. Perez, 85
S.W.3d at 819.
                        In this case, the officers observed erratic driving. To be sure, an abrupt lane change
across two lanes may not be a traffic violation sufficient to trigger a traffic stop. See Hernandez v.
State, 983 S.W.2d 867, 869 (Tex. App.—Austin 1998, pet. ref’d) (vehicle crossing a lane marker a
single time did not support reasonable suspicion of driver’s intoxication). But see Cook v. State, 63
S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); Dowler v. State, 44 S.W.3d
666, 670-71 (Tex. App.—Austin 2001, pet. ref’d). But the officers did not initiate a stop. As the
trial court judge observed, appellant and her companion “stopped themselves.” The only question
remaining then is whether the officers were permitted to approach the vehicle to investigate further. 
We hold that they were entitled to approach and make the inquiry as they did.
                        Asking questions is an essential part of police investigations. Hiibel v. Sixth Judicial
Dist. Court, 542 U.S. 177, 185 (2004); see also Adams v. Williams, 407 U.S. 143, 146 (1972) (“A
brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo
momentarily while obtaining more information, may be most reasonable in light of the facts known
to the officer at the time.”). 
                        The officer did not violate either the Fourth Amendment of the United States
Constitution or Article 1, Section 9 of the Texas Constitution by merely approaching appellant to
ask her questions after she had stopped on the street. See, e.g., Terry, 392 U.S. at 31 (Harlan, J.,
concurring); Florida v. Royer, 460 U.S. 491, 497 (1983); Perez, 85 S.W.3d at 819. Indeed, when
the officer first approached and questioned the occupants of the car by inquiring, “What’s going
on?,” no seizure had occurred and thus appellant’s constitutional safeguards were not invoked. 
Terry, 392 U.S. at 19 n.16 (“Obviously, not all personal intercourse between policemen and citizens
involve ‘seizures’ of persons. Only when the officer, by means of physical force or show of
authority, has in some way restrained the liberty of a citizen may we conclude that a ‘seizure’ has
occurred.”).
                        Even accepting as credible the testimony of the defense witness, the officers’ conduct
was no more intrusive than necessary to effectuate the investigative inquiry allowed by the Terry line
of cases. See Royer, 409 U.S. at 504. The officer’s response and questioning was a common-sense
inquiry and, under the totality of the circumstances, did not violate either the state or federal
constitution.

CONCLUSION
                        Given the totality of the circumstances, we hold that the trial court did not err in
overruling the motion to suppress. The judgment of the trial court is affirmed.
 
 
                                                                        __________________________________________
                                                                        Jan P. Patterson, Justice
Before Justices B. A. Smith, Patterson and Puryear
Affirmed
Filed: June 30, 2006
Do Not Publish