Charles Ephriam FOX, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 0963–95.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 25, 1996.

Robert Ford, Fort Worth, for appellant.

Charles Mallin, Assistant District Attorney, Fort Worth, Matthew Paul, Assistant State's Attorney, Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted appellant of driving while intoxicated. The court of appeals affirmed that conviction. *Fox v. State*, 900 S.W.2d 345 (Tex.App.—Fort Worth 1995). We granted appellant's petition for discretionary review ostensibly to address the issue of whether, under the Fourth Amendment to the United States Constitution, there exists a so-called "community caretaking function" exception to the requirement that a temporary detention be justified by reasonable suspicion. At the time we granted appellant's petition we had already granted another petition for discretionary review in which cause the court of appeals had explicitly written on the "community caretaking function" issue. *Rheinlander v. State*, 888 S.W.2d 917 (Tex.App.—Austin 1994). But Rheinlander died before this Court could write on the issue, and his petition was dismissed and his appeal permanently abated. *Rheinlander v. State*, 918 S.W.2d 527 (Tex.Cr.App.1996).

Upon closer scrutiny in the instant cause, it is apparent that the court below was not presented with, and did not address, the "community caretaking function" question. This Court reviews "decisions" of the courts of appeals; as a general rule, we do not reach the merits of any party's contention when it has not been addressed by the lower appellate court. *Lee v. State*, 791 S.W.2d 141 (Tex.Cr.App.1990). Accordingly, we now find that our decision to grant appellant's petition for discretionary review was improvident. Appellant's petition for discretionary review is dismissed. Tex.R.App.Pro. 202(k).

WHITE, J., not participating.

MANSFIELD, Judge, concurring.

Appellant's conviction and sentence for driving while intoxicated were affirmed by

the court of appeals. *Fox v. State,* 900 S.W.2d 345 (Tex.App.—Fort Worth 1995). The majority found the acts of appellant (which included erratic speed and weaving within his lane of traffic) were sufficient to create reasonable suspicion on the part of the police officer that something out of the ordinary was occurring or had occurred connecting appellant with a possible crime. *Fox, supra,* at 347, citing *Stone v. State,* 703 S.W.2d 652, 654 (Tex.Crim.App.1986). *See also, Viveros v. State,* 828 S.W.2d 2, 4 (Tex. Crim.App.1991).

The trial court found, and the court of appeals agreed, that appellant's weaving and fluctuating speed within his lane were actions creating "suspicion for me to stop it." The record demonstrates the court of appeals gave proper deference to the findings of fact by the trial court, *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990), and correctly limited its review to the trial court's application of the law to the facts.

This Court granted appellant's petition for discretionary review to consider the following ground for review: "Did the Court of Appeals err in holding that the trial court properly denied the defendant's motion to suppress evidence based on an illegal stop?"

We have held that we will not, in effect, "second guess" a judgment of the court of appeals, where "it fairly addresses the issues raised on appeal, evaluates those issues according to settled rules of law, accounts for all evidence relevant to the questions presented, and reaches a conclusion adequately supported by the law and the evidence." *Arcila v. State,* 834 S.W.2d 357, 361 (Tex.Crim. App.1992). I am unable to find anything in the record to indicate the court of appeals' judgment was based on an erroneous interpretation of the law or that it is not supported by the evidence. Accordingly, I agree to the dismissal of this cause as having been improvidently granted and join in the judgment of the court.

MEYERS, Judge, dissenting.

On appeal from his conviction for DWI, appellant assigned no other ground for his contention that the arrest was illegal than the one he urged at trial, which was that "it appears from the testimony that this man wasn't violating any law [.]" To support this position he relied mainly on our opinion in *Viveros v. State,* 828 S.W.2d 2 (Tex.Crim. App.1992) for the proposition that a reasonable suspicion of criminal conduct is always required to justify an involuntary detention, even if it is brief and relatively unintrusive. In reply the State did not deny that suspicion of a crime was required before Flores could lawfully stop him, but argued only that appellant's erratic driving did in fact raise a reasonable suspicion that he was DWI.

A majority of the Court of Appeals agreed with the State. But although it cited our opinion in *Viveros,* evidently as controlling authority, it did not clearly hold that evidence of appellant's erratic driving was sufficient to support a reasonable suspicion of criminal activity. Rather it held only that appellant's driving created "a reasonable suspicion that some activity out of the ordinary was or had occurred." *Fox v. State,* 900 S.W.2d 345, 347 (Tex.App.—Fort Worth 1995). Justice Livingston, writing in dissent, argued that the majority opinion gave insufficient weight to the rule of *Viveros* that suspicion of a crime is necessary, calling specific attention to the fact "Officer Flores simply never states any conclusion as to what her suspicion might have been." *Id.* at 348.

On discretionary review, both parties have suggested that officer Flores might actually have suspected appellant of having a medical or mechanical difficulty and that he might be in need of assistance for that reason. Again relying on *Viveros,* appellant contends that such a belief, even if reasonable, would not justify the involuntary detention of appellant. He argues that only a reasonable suspicion of criminal conduct will authorize law enforcement officers to detain persons, even briefly, against their will. The State, however, maintains that, notwithstanding *Viveros,* the reasonableness of a detention for purposes of the Fourth Amendment may depend upon a variety of factors, and that an officer's well-founded suspicion of a citizen's need for help does justify a brief, relatively unintrusive stop to determine whether the officer can be

of assistance to him. Because both parties called upon us to decide this question, we granted appellant's petition for discretionary review to consider it.

But a majority of the Court now dismisses appellant's petition on the ground that it presents a question never actually decided by the Court of Appeals. I agree, of course, that this Court has no authority in the exercise of its discretionary review power to consider questions not first decided by the intermediate appellate courts. Our subject-matter jurisdiction is limited, and we are no more at liberty to exceed it than are other courts of limited jurisdiction. But I do not agree that the question upon which we granted discretionary review was clearly not implicated by the lower court's opinion in this case. Rather, it seems to me that the point of essential disagreement between the majority and dissenting justices in that court was implicitly focused on the issue whether police officers may temporarily stop a motorist for reasons other than suspicion of a crime.

Thus, while this case certainly does not present the so-called "community care taking" issue so well as did *Rheinlander v. State,* 918 S.W.2d 527 (Tex.Crim.App.1996), the issue is at least marginally implicated by the lower court's analysis and competently argued in an adversarial context by the parties. Moreover, knowing nothing more now than we did then, we nevertheless granted discretionary review months ago specifically to decide the issue, and we put both parties to the considerable trouble of briefing and arguing this case for that purpose. It is my opinion that, having made extensive commitments of our own resources and the resources of the parties, it is a mistake to abandon the process of law elaboration so near our stated goal. Were it really a question of this Court's jurisdiction, we would have no choice. But because I am satisfied that the issue is properly before us, I cannot join the decision of my colleagues to dismiss this important case.