COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-162-CR

 

 

MICHAEL ALLEN HARBISON                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Michael Allen Harbison of driving while intoxicated (DWI), and the trial court
sentenced him to 120 days= confinement
in the Tarrant County Jail, probated for two years, and a $600 fine.  In three 
points on appeal, Appellant contends that the trial court erred by
denying his motion to suppress, violating his rights under the federal and
state constitutions.  Because we hold
that the trial court did not err, we affirm the trial court=s judgment.

The evidence shows that at
about 3:00 a.m. on August 13, 2002, two Arlington police officers were standing
in a paved driveway off of West Division Street between their patrol cars and
the street itself.  They had just
completed  an emergency call nearby.  The police cars and the officers were off the
curb but close to the shoulder.  It was a
well-lit
area.  The
two officers noticed a car traveling eastbound at about forty miles per
hour.  It was in the lane closest to the
police officers and did not slow down. 
Instead, the car veered from the inside portion of its own lane toward
the outside portion of its lane and the two officers standing by the patrol
cars.  The officers quickly pressed up
against the patrol car they were standing by, trying to avoid the oncoming
vehicle.  The car came within three to four
feet of the officers, narrowly missing the curb.  It then corrected itself and was able to get
back on the road.  No other cars passed
by on Division Street while the officers were standing in the driveway. After
the car passed them, the officers got into their patrol cars, followed the suspect
vehicle, and initiated a traffic stop to determine the reason for the erratic
driving behaviorCwhether the
driver had intentionally tried to hit them, whether he was intoxicated or
otherwise impaired, or whether he was distracted.








When the officers approached
the driver, Appellant, a strong odor of an alcoholic beverage emanated from
him.  His eyes were watery and bloodshot,
and his speech was slurred.  He admitted
that he had drunk a lot of alcohol. 
Appellant failed the field sobriety tests, the police arrested him for
DWI, and then he refused the breath test. 


During the trial, Appellant
moved to suppress the evidence obtained as a result of the stop based upon the
absence of probable cause or reasonable suspicion.  Applying the appropriate test for reasonable
suspicion,[2]  we hold that the officers had reasonable
suspicion to stop Appellant. 
Specifically, the officers= observations of Appellant=s veering within his own lane such that he almost hit them and his
failure to brake at all to avoid hitting them constituted sufficient
articulable facts to create reasonable suspicion that Appellant was intoxicated
or otherwise impaired.[3]  State v. Cerny,[4]
cited by Appellant, is inapplicable because Cerny=s weaving within his own lane was all the officer in that case relied
on for the stop.  There was no evidence
in that case of speed or failure to brake to avoid pedestrians near the
roadway.








We therefore hold, based upon
the appropriate standard of review,[5]
that the trial court properly denied Appellant=s motion to suppress.  We
consequently overrule his three points and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, GARDNER,
and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 18, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See
Ford v. State, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005); Carmouche v. State, 10
S.W.3d 323, 328 (Tex. Crim. App. 2000).





[3]See Fox v. State, 900 S.W.2d 345, 347 (Tex. App.CFort Worth 1995), pet. dism=d as improvidently granted, 930 S.W.2d 607 (Tex. Crim. App.
1996).





[4]28 S.W.3d 796, 798 (Tex. App.CCorpus Christi 2000, no pet.).





[5]See
Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005);
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Carmouche,
10 S.W.3d at 327; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).