MICHAEL ALLEN HARBISON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-162-CR

MICHAEL ALLEN HARBISON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Michael Allen Harbison of driving while intoxicated (DWI), and the trial court sentenced him to 120 days’ confinement in the Tarrant County Jail, probated for two years, and a $600 fine.  In three  points on appeal, Appellant contends that the trial court erred by denying his motion to suppress, violating his rights under the federal and state constitutions.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

The evidence shows that at about 3:00 a.m. on August 13, 2002, two Arlington police officers were standing in a paved driveway off of West Division Street between their patrol cars and the street itself.  They had just completed  an emergency call nearby.  The police cars and the officers were off the curb but close to the shoulder.  It was a 
well-lit 
area.  The two officers noticed a car traveling eastbound at about forty miles per hour.  It was in the lane closest to the police officers and did not slow down.  Instead, the car veered from the inside portion of its own lane toward the outside portion of its lane and the two officers standing by the patrol cars.  The officers quickly pressed up against the patrol car they were standing by, trying to avoid the oncoming vehicle.  The car came within three to four feet of the officers, narrowly missing the curb.  It then corrected itself and was able to get back on the road.  No other cars passed by on Division Street while the officers were standing in the driveway. After the car passed them, the officers got into their patrol cars, followed the suspect vehicle, and initiated a traffic stop to determine the reason for the erratic driving behavior—whether the driver had intentionally tried to hit them, whether he was intoxicated or otherwise impaired, or whether he was distracted.

When the officers approached the driver, Appellant, a strong odor of an alcoholic beverage emanated from him.  His eyes were watery and bloodshot, and his speech was slurred.  He admitted that he had drunk a lot of alcohol.  Appellant failed the field sobriety tests, the police arrested him for DWI, and then he refused the breath test.  

During the trial, Appellant moved to suppress the evidence obtained as a result of the stop based upon the absence of probable cause or reasonable suspicion.  Applying the appropriate test for reasonable suspicion,
(footnote: 2)  we hold that the officers had reasonable suspicion to stop Appellant.  Specifically, the officers’ observations of Appellant’s veering within his own lane such that he almost hit them and his failure to brake at all to avoid hitting them constituted sufficient articulable facts to create reasonable suspicion that Appellant was intoxicated or otherwise impaired.
(footnote: 3)  
State v. Cerny
,
(footnote: 4) cited by Appellant, is inapplicable because Cerny’s weaving within his own lane was all the officer in that case relied on for the stop.  There was no evidence in that case of speed or failure to brake to avoid pedestrians near the roadway.

We therefore hold, based upon the appropriate standard of review,
(footnote: 5) that the trial court properly denied Appellant’s motion to suppress.  We consequently overrule his three points and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 18, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Ford v. State
, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005);
 
Carmouche v. State
, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

3:
See Fox v. State
, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995),
 pet. dism’d as improvidently granted
, 930 S.W.2d 607 (Tex. Crim. App. 1996).

4:
28 S.W.3d 796, 798 (Tex. App.—Corpus Christi 2000, no pet.).

5:
See Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005);
 State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Carmouche
, 10 S.W.3d at 327; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).