Opinion issued October 25, 2007 








 



In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00880-CR

 __________


THE STATE OF TEXAS, Appellant


V.


RUDY ROCHA, Appellee






On Appeal from County Court at Law No. 3 

 Fort Bend County, Texas 

Trial Court Cause No. 122395






MEMORANDUM OPINION

 Appellee, Rudy Rocha, filed a motion to suppress prior to his trial for the
offense of driving while intoxicated. Following a suppression hearing, the trial court
granted the motion and suppressed all evidence obtained as a result of appellee's
traffic stop. The State appeals this suppression on one point of error, arguing that the
arresting officer's testimony that appellee committed a traffic violation was enough
to entitle him to stop appellee, and, regardless of whether appellee committed a traffic
violation, there was reasonable suspicion based on his other actions, which entitled
the officer to stop appellee's vehicle and investigate whether he had been drinking. 
We affirm. 


Background 

 Appellee was charged with driving while intoxicated as a result of a traffic stop
conducted by Missouri City Police Department Officer Ariel Abarquez. Prior to trial,
appellee moved to suppress all evidence obtained as a result of the stop. At the
suppression hearing, Officer Abarquez testified that, on February 4, 2006, at around
1:25 a.m., he began following appellee after observing him fail to make a complete
stop at a stop sign. After witnessing appellee make an unsafe turn and fail to
maintain a single lane, he decided to stop appellee. The patrol-car video of the
incident was shown at the hearing, and Abarquez pointed out appellee's alleged
unsafe turn and where he almost ran off the road. Abarquez described appellee's
driving as erratic and mentioned several unsafe driving actions he observed appellee
make. He stated that, in his opinion, appellee displayed indicators of drunk driving.
Abarquez testified that, while he was taught to write everything in his police report,
in this case, he only wrote that appellee made an unsafe turn. Abarquez also
mentioned only the unsafe turn at an Administrative License Revocation ("A.L.R.")
hearing on whether appellee should have his license suspended. At the A.L.R.
hearing, Abarquez testified that everything he observed was on the patrol-car video.

 At the conclusion of the hearing, the trial court granted appellee's motion to
suppress, and the State requested findings of fact and conclusions of law, which the
trial court entered. The State now appeals.

Suppression

 In its sole issue, the State makes two arguments, first asserting that the trial
court erred in granting appellee's motion to suppress because there was testimony
from Abarquez that appellee committed a traffic violation, which alone entitled him
to stop appellee's vehicle. In making this argument, the State recognizes the trial
court's finding that the patrol-car video did not show the alleged traffic violation, but
asserts that Abarquez's testimony was sufficient to establish the violation. Second,
the State argues that, regardless of whether a traffic violation occurred, because of
appellee's erratic and unsafe driving, there was reasonable suspicion to stop his
vehicle and investigate whether he had been drinking. Because we hold that the trial
court did not abuse its discretion in granting appellee's motion to suppress, we affirm
the judgment below.Standard of Review

 A trial court's ruling on a motion to suppress evidence will not be set aside
unless an abuse of discretion is found. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000). In reviewing the trial court's ruling, we apply a bifurcated
standard of review. Id. We give almost total deference to the trial court's
determination of the historical facts and conduct a de novo review of the trial court's
application of the law to those facts. Id. (quoting Guzman v. State, 955 S.W.2d 85,
88-89 (Tex. Crim. App. 1997)) 

 When the trial court files findings of fact with its ruling on a motion to
suppress, we do not engage in our own factual review, but determine only whether
the record supports the trial court's fact findings. Flores v. State, 177 S.W.3d 8, 14
(Tex. App.--Houston [1st Dist.] 2005, pet. ref'd). Unless the trial court abused its
discretion by making a finding not supported by the record, we will defer to the trial
court's fact findings and not disturb the findings on appeal. Id. On appellate review,
we address only the question whether the trial court properly applied the law to the
facts. Id. The trial court is the exclusive finder of fact in a motion to suppress
hearing, and it may choose to believe or disbelieve any or all of a witness's testimony. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Analysis

 When an officer witnesses a person commit a crime, he has probable cause to
arrest the person. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005). An
officer may also stop a person if the officer has "reasonable suspicion that some
activity out of the ordinary is occurring or has occurred, some suggestion to connect
the detainee with the unusual activity, and some indication the unusual activity is
related to crime." Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). 
"'Reasonable suspicion' exists if the officer has specific articulable facts that, when
combined with rational inferences from those facts, would lead him to reasonably
suspect that a particular person has engaged or is (or soon will be) engaging in
criminal activity." Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 
"This standard is an objective one: there need only be an objective basis for the stop;
the subjective intent of the officer conducting the stop is irrelevant." Id. "The
reasonable suspicion determination is made by considering the totality of the
circumstances." Id. 

In this case, the State first argues that Officer Abarquez lawfully stopped
appellee because he saw appellee run a stop sign, in violation of Section 544.010 of
the Texas Transportation Code. Tex. Transp. Code Ann. § 544.010 (Vernon 1999). 
The State acknowledges the trial court's finding that the patrol-car video did not show
the alleged running of the stop sign, but counters by asserting that the trial court was
free to rely solely on Abarquez's testimony to establish the traffic violation. 
Therefore, according to the State, because the trial court made no specific finding that
Abarquez was not credible and because Abarquez had reasonable suspicion to stop
appellee based on the traffic violation, the motion to suppress should have been
denied. We disagree.

At trial, Officer Abarquez testified that he observed appellee fail to make a
complete stop at a stop sign. While the State is correct in noting that the trial court
was free to rely on Abarquez's testimony, the trial court was also free to disregard it. 
See Ross, 32 S.W.3d at 855 (noting that, in a suppression hearing, the trial court can
believe or disbelieve any part of a witness's testimony, even if uncorroborated). The
trial court did not make a specific finding that Abarquez was not credible or that it
disbelieved his testimony, but it did base its findings of fact in part "on the credibility
and demeanor of the officer . . . ." The trial court found that, "after testifying that the
defendant 'rolled through' a stop sign, which is not shown on the video, the officer
failed to turn on his lights or attempt to stop the defendant's vehicle" and "the officer
never mentioned the defendant committed a traffic violation by rolling through a stop
sign in his offense report or at the previous A.L.R. hearing." The trial court
concluded that no traffic violation occurred. Therefore, because the trial court is the
sole judge of a witness's credibility, we hold that the trial court did not abuse its
discretion in concluding that there was no traffic law violation.

The State additionally argues that, regardless of whether a traffic violation
occurred, Abarquez's testimony and the patrol-car video proved that Abarquez had
reasonable suspicion to stop appellee due to his erratic driving. Because of this
evidence, the State asserts that the trial court's finding that no reasonable suspicion
existed is not supported by the record. 

The State notes that "[t]he activity observed by the officer does not have to
amount to a crime in itself in order to justify an investigative detention," Rafaelli v.
State, 881 S.W.2d 714, 716 (Tex. App.--Texarkana 1994, pet. ref'd), and cites cases
where non-illegal driving actions were held to be sufficient for reasonable suspicion. 
See id. (holding that the officer's "observation of [the defendant] weaving in his lane,
although not an inherently illegal act, was sufficient to create a reasonable
suspicion"); Fox v. State, 900 S.W.2d 345, 347 (Tex. App.--Fort Worth 1995)
(determining that the defendant's fluctuating speed and weaving, while not
"inherently illegal . . . [were] sufficient to create a reasonable suspicion that some
activity out of the ordinary was or had occurred"), pet. dism'd improvidently granted,
930 S.W.2d 607 (Tex. Crim. App. 1996).

When a police officer stops a defendant without a warrant and without the
defendant's consent, the State has the burden at a suppression hearing of proving the
reasonableness of the stop within the totality of the circumstances. See Hulit v. State,
982 S.W.2d 431, 436 (Tex. Crim. App. 1998). At trial, along with stating that
appellee failed to come to a complete stop at a stop sign, Abarquez testified that
appellee accelerated and slammed on his brakes, was weaving and failed to maintain
a single lane, and almost hit a parked car. Abarquez also described two unsafe turns
that appellee made at an unsafe speed, made late corrections, and almost ran into a
curb, mailbox, and driveway. Abarquez pointed out places in the patrol-car video
where he believed appellee made an unsafe turn and almost ran off the road. Based
on his experience as a police officer, Abarquez testified that appellee's driving
exhibited indicators of drunk driving.

However, Abarquez failed to mention any of appellee's unsafe driving actions,
other than an unsafe turn, in his police report or at the A.L.R. hearing to suspend
appellee's driver's license. Abarquez did, however, testify that there was no
oncoming traffic and that appellee was traveling at a safe speed and applied his
brakes to go around cars that were parked alongside the road. Based on Abarquez's
testimony and the patrol-car video, the trial court found that "there was no reasonable
suspicion for the officer to stop the defendant for driving while intoxicated" and "the
defendant's driving pattern, as shown on the video, was not in violation of any traffic
law." Having reviewed Abarquez's testimony and the patrol-car video, we hold that
the trial court did not abuse its discretion in finding that there was no reasonable
suspicion for stopping the appellee for driving while intoxicated. We hold that the
trial court did not abuse its discretion in granting the motion to suppress. 
Accordingly, we overrule the State's sole point of error.


Conclusion

We affirm the trial court's order granting appellee's motion to suppress.


 George C. Hanks, Jr.

 Justice

 


Panel consists of Justices Taft, Hanks, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).