**Opinion filed June 2, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00059-CR

_____

## BOBBIE LOUETTA BOYD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court**

**Eastland County, Texas**

**Trial Court Cause No. 0800481**

### M E M O R A N D U M   O P I N I O N

Bobbie Louetta Boyd pleaded guilty to the misdemeanor offense of driving while intoxicated. In accordance with a plea bargain agreement, the trial court convicted appellant and assessed punishment at confinement for three days in the Eastland County Jail and a $100 fine. The trial court also certified her right to appeal matters raised in pretrial motions. We affirm.

In her sole issue on appeal, appellant argues that the trial court abused its discretion in denying her motion to suppress. Appellant contends that the officer lacked reasonable suspicion of a traffic violation or of driving while intoxicated and that the officer lacked a reasonable basis for conducting a community caretaking stop.

We review the trial court's denial of a motion to suppress for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Where the trial court makes no explicit findings of historical fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). An appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any applicable theory of law. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

At the hearing on the motion to suppress, Officer Michael West testified that he was patrolling the City of Cisco at approximately 3:30 a.m. when dispatch notified him of a call reporting a possible reckless or intoxicated driver. The caller identified the vehicle as a four-door Buick and provided the vehicle's license plate number. Officer West did not know the identity of the caller, and there is no indication that the caller identified himself to dispatch. After Officer West found the vehicle matching the description provided by the caller, he activated his in-car camera and followed the vehicle for about three miles. Officer West initially testified that the vehicle was traveling fifty-seven miles per hour in a sixty mile-per-hour zone. On cross-examination, however, he testified that the vehicle was traveling eight miles per hour below the speed limit. Officer West observed the vehicle swerving or drifting within its lane. At one point, the vehicle abruptly crossed the fog line and then corrected itself. Officer West testified that there was no other traffic that morning. He explained that the vehicle's swerving within its lane and its crossing the fog line were not illegal if done safely, and he admitted that he did not write in his report that these actions were dangerous to appellant or to any other person. Based on the call received by dispatch, the vehicle's speed, its swerving within its lane, and its crossing the fog line, Officer West believed that the driver was engaged in "[a] possible crime or possibly could be falling asleep." Officer West decided to stop the vehicle. Appellant was the driver.

On cross-examination, Officer West stated that he was not "going after a reckless driver." Instead, he believed that appellant was falling asleep. Officer West also explained that he had been a police officer for four years and had approximately fifty-six hours of training on

2

standardized field sobriety tests and DWI interdiction. He testified that, based on the totality of the circumstances, he had reasonable suspicion to stop appellant.

The record from the hearing on the motion to suppress shows that the videotape recorded by Officer West as he followed appellant's vehicle was played for the trial court, but it was not offered or admitted into evidence. The trial court denied appellant's motion to suppress without making explicit findings of fact or conclusions of law.

Appellant contends that the evidence adduced at the hearing on the motion to suppress did not establish reasonable suspicion that appellant was driving while intoxicated because Officer West did not testify that he suspected appellant of driving while intoxicated and because he did not testify as to what factors, based on his training and experience, would tend to indicate the commission of this offense.

An officer conducts a lawful temporary detention when he has a reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with reasonable inferences from those facts, would lead him to reasonably conclude that a person is, has been, or soon will be engaged in criminal activity. *Id*. Reasonable suspicion is an objective standard that disregards the subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*. An officer's testimony as to what factors, based on his training and experience, tend to indicate the commission of a particular offense is relevant in determining reasonable suspicion. *See Curtis v. State*, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007). Nevertheless, a determination of reasonable suspicion is based on common sense judgments and inferences about human behavior. *See Illinois v. Wardlow*, 528 U.S. 119, 125 (2000). A trial court may make reasonable inferences from the evidence adduced at a hearing on a motion to suppress. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Officer West's failure to testify that he suspected appellant of driving while intoxicated and his failure to testify as to what factors, based on his training and experience, would tend to indicate the commission of that offense are not determinative. *See Fox v. State*, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995) (holding that officer's testimony that a vehicle's weaving within its lane and fluctuating speed created "suspicion for me to stop it" was enough to support the trial court's finding that there was reasonable suspicion), *pet. dism'd, improvidently granted*, 930 S.W.2d 607 (Tex. Crim. App. 1996).

Appellant maintains that the evidence adduced at the hearing on the motion to suppress did not establish reasonable suspicion that appellant was driving while intoxicated because the call received by dispatch lacked sufficient reliability and did not provide specific information about appellant's driving that could be corroborated by Officer West.

Beyond appellant's assertion during cross-examination of Officer West that the caller was a trucker, the record does not reflect that police knew the caller's identity. While a tip from an unidentified informant of undisclosed reliability, standing alone, only rarely will establish the requisite level of reasonable suspicion to justify an investigative detention, there are some situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop. *Florida v. J.L.*, 529 U.S. 266, 270 (2000). Factors that have been used in evaluating the reliability of an informant include: (1) whether the informant provides a detailed description of the wrongdoing; (2) whether the informant observed the wrongdoing firsthand; (3) whether the informant places himself in a position to be held accountable for the report; and (4) whether the informant is somehow connected with the police. *Mitchell v. State*, 187 S.W.3d 113, 117 (Tex. App.—Waco 2006, pet. ref'd); *Pipkin v .State*, 114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no pet.).

Appellant emphasizes that there is no indication in the record that the caller placed himself in a position to be held accountable for his report of a reckless or intoxicated driver. In situations where a caller places himself in a position to be held accountable for his report, minimal corroboration is required. *See Brother v. State*, 166 S.W.3d 255, 256-59 (Tex. Crim. App. 2005) (holding that there was reasonable suspicion for a stop when a caller reported that a driver was speeding, tailgating, and weaving across several lanes; the caller followed the driver's vehicle and activated her hazard lights to allow the responding officer to identify the correct vehicle; and the caller provided her contact information, even though the responding officer did not himself observe erratic driving); *Pipkin*, 114 S.W.3d at 653, 655 (upholding reasonable suspicion for a stop when informant identified himself; reported that he saw a driver smoking a crack pipe and driving erratically; and provided the vehicle's make, model, and license plate number, even though the officer did not himself witness a traffic violation).

However, the distinction between an anonymous tip from an unknown informant and a tip from a known reliable informant is less significant when the anonymous tip has been substantially corroborated by police. *Angulo v. State*, 727 S.W.2d 276, 279 (Tex. Crim. App.

1987); *see also Alabama v. White*, 496 U.S. 325, 330 (1990) ("[I]f a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable."). Corroboration of an informant's report does not require independently acquired reasonable suspicion of criminal behavior. *Brother*, 166 S.W.3d at 258-59 & n.5. Instead, corroboration refers to whether a police officer in light of the circumstances confirms enough facts to reasonably conclude that the information he received is reliable and, therefore, justifies a temporary detention. *Id*. at 259 n.5 (citing *White*, 496 U.S. at 330-31).

Appellant argues that the caller's report of a reckless or intoxicated driver did not provide specific information about appellant's driving that Officer West could corroborate. However, a report of driving while intoxicated that gives some means of identifying the suspected driver provides sufficient information for corroboration. *See Dowler v. State*, 44 S.W.3d 666, 670-71 (Tex. App.—Austin 2001, pet. ref'd) (holding that officer sufficiently corroborated anonymous tip of driving while intoxicated by observing the described vehicle weaving in its lane, crossing briefly into an on-ramp, and driving twenty miles per hour below the posted speed limit); *see also James v. State*, 102 S.W.3d 162, 171-72 (Tex. App.—Fort Worth 2003, pet. ref'd) ("Erratic or unsafe driving may furnish a sufficient basis for reasonable suspicion that the driver is intoxicated.").

Using the identifying information provided by the call to dispatch, Officer West found appellant's vehicle. He followed the vehicle for about three miles. During this time, he watched as appellant's vehicle traveled eight miles below the speed limit, swerved or drifted within its lane, and at one point crossed the fog line. He testified that, based on the call to dispatch and his own observations, he thought that appellant might be engaged in a possible crime and that he had reasonable suspicion to stop appellant.

The trial court reasonably could have found that Officer West's observations sufficiently corroborated the call received by dispatch reporting a possible reckless or intoxicated driver. *See Dowler*, 44 S.W.3d at 670-71. Based on the totality of the circumstances and viewing the evidence in the light most favorable to the trial court's determination, we hold that there was an objective basis for reasonable suspicion that appellant was driving while intoxicated. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

June 2, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.