Opinion filed June 2, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00059-CR

                                                    __________

                                                              

                              BOBBIE LOUETTA BOYD, Appellant

 

                                                             V.

 

                                      STATE OF TEXAS, Appellee

 

 

                                       On
Appeal from the County Court

 

                                                          Eastland
County, Texas

 

                                                    Trial
Court Cause No. 0800481

 



 

M
E M O R A N D U M   O P I N I O N

Bobbie
Louetta Boyd pleaded guilty to the misdemeanor offense of driving while
intoxicated.  In accordance with a plea bargain agreement, the trial court convicted
appellant and assessed punishment at confinement for three days in the Eastland
County Jail and a $100 fine. The trial court also certified her right to appeal
matters raised in pretrial motions.  We affirm.

In
her sole issue on appeal, appellant argues that the trial court abused its
discretion in denying her motion to suppress.  Appellant contends that the
officer lacked reasonable suspicion of a traffic violation or of driving while
intoxicated and that the officer lacked a reasonable basis for conducting a
community caretaking stop.

We
review the trial court’s denial of a motion to suppress for abuse of
discretion.  Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). 
The trial court abuses its discretion when its decision is so clearly wrong as
to lie outside the zone within which reasonable persons might disagree.  Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).  Where the trial
court makes no explicit findings of historical fact, we view the evidence in
the light most favorable to the trial court’s ruling and assume that the trial
court made implicit findings of fact.  Carmouche v. State, 10 S.W.3d
323, 327-28 (Tex. Crim. App. 2000).  An appellate court must uphold the trial
court’s ruling if it is reasonably supported by the record and is correct under
any applicable theory of law.  State v. Steelman, 93 S.W.3d 102, 107
(Tex. Crim. App. 2002). 

At
the hearing on the motion to suppress, Officer Michael West testified that he
was patrolling the City of Cisco at approximately 3:30 a.m. when dispatch
notified him of a call reporting a possible reckless or intoxicated driver.  The
caller identified the vehicle as a four-door Buick and provided the vehicle’s
license plate number.  Officer West did not know the identity of the caller,
and there is no indication that the caller identified himself to dispatch.  After
Officer West found the vehicle matching the description provided by the caller,
he activated his in-car camera and followed the vehicle for about three miles. 
Officer West initially testified that the vehicle was traveling fifty-seven
miles per hour in a sixty mile-per-hour zone.   On cross-examination, however,
he testified that the vehicle was traveling eight miles per hour below the
speed limit.  Officer West observed the vehicle swerving or drifting within its
lane.  At one point, the vehicle abruptly crossed the fog line and then
corrected itself.  Officer West testified that there was no other traffic that
morning.  He explained that the vehicle’s swerving within its lane and its
crossing the fog line were not illegal if done safely, and he admitted that he
did not write in his report that these actions were dangerous to appellant or to
any other person.  Based on the call received by dispatch, the vehicle’s speed,
its swerving within its lane, and its crossing the fog line, Officer West
believed that the driver was engaged in “[a] possible crime or possibly could
be falling asleep.”  Officer West decided to stop the vehicle.  Appellant was
the driver.

On
cross-examination, Officer West stated that he was not “going after a reckless
driver.”  Instead, he believed that appellant was falling asleep.  Officer West
also explained that he had been a police officer for four years and had
approximately fifty-six hours of training on standardized field sobriety tests
and DWI interdiction.  He testified that, based on the totality of the
circumstances, he had reasonable suspicion to stop appellant. 

The
record from the hearing on the motion to suppress shows that the videotape
recorded by Officer West as he followed appellant’s vehicle was played for the
trial court, but it was not offered or admitted into evidence.  The trial court
denied appellant’s motion to suppress without making explicit findings of fact
or conclusions of law.

Appellant
contends that the evidence adduced at the hearing on the motion to suppress did
not establish reasonable suspicion that appellant was driving while intoxicated
because Officer West did not testify that he suspected appellant of driving
while intoxicated and because he did not testify as to what factors, based on
his training and experience, would tend to indicate the commission of this
offense.

An
officer conducts a lawful temporary detention when he has a reasonable
suspicion to believe that an individual is violating the law.  Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists if the
officer has specific, articulable facts that, when combined with reasonable
inferences from those facts, would lead him to reasonably conclude that a
person is, has been, or soon will be engaged in criminal activity.  Id. 
Reasonable suspicion is an objective standard that disregards the subjective
intent of the officer making the stop and looks solely to whether an objective
basis for the stop exists.  Id.  An officer’s testimony as to what
factors, based on his training and experience, tend to indicate the commission
of a particular offense is relevant in determining reasonable suspicion. 
See Curtis v. State, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007).  Nevertheless,
a determination of reasonable suspicion is based on common sense judgments and
inferences about human behavior.  See Illinois v. Wardlow, 528
U.S. 119, 125 (2000).  A trial court may make reasonable inferences from the
evidence adduced at a hearing on a motion to suppress.  Amador v. State,
275 S.W.3d 872, 878 (Tex. Crim. App. 2009).  Officer West’s failure to testify
that he suspected appellant of driving while intoxicated and his failure to
testify as to what factors, based on his training and experience, would tend to
indicate the commission of that offense are not determinative.  See Fox v.
State, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995) (holding that
officer’s testimony that a vehicle’s weaving within its lane and fluctuating
speed created “suspicion for me to stop it” was enough to support the trial
court’s finding that there was reasonable suspicion), pet. dism’d,
improvidently granted, 930 S.W.2d 607 (Tex. Crim. App. 1996).          

Appellant
maintains that the evidence adduced at the hearing on the motion to suppress
did not establish reasonable suspicion that appellant was driving while
intoxicated because the call received by dispatch lacked sufficient reliability
and did not provide specific information about appellant’s driving that could
be corroborated by Officer West.

            Beyond
appellant’s assertion during cross-examination of Officer West that the caller
was a trucker, the record does not reflect that police knew the caller’s
identity.  While a tip from an unidentified informant of undisclosed
reliability, standing alone, only rarely will establish the requisite level of
reasonable suspicion to justify an investigative detention, there are some
situations in which an anonymous tip, suitably corroborated, exhibits
sufficient indicia of reliability to provide reasonable suspicion to make the
investigatory stop.  Florida v. J.L., 529 U.S. 266, 270 (2000). Factors
that have been used in evaluating the reliability of an informant include: (1)
whether the informant provides a detailed description of the wrongdoing; (2) whether
the informant observed the wrongdoing firsthand; (3) whether the informant
places himself in a position to be held accountable for the report; and (4)
whether the informant is somehow connected with the police.  Mitchell v.
State, 187 S.W.3d 113, 117 (Tex. App.—Waco 2006, pet. ref’d); Pipkin v .State,
114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no pet.). 

Appellant
emphasizes that there is no indication in the record that the caller placed
himself in a position to be held accountable for his report of a reckless or
intoxicated driver.  In situations where a caller places himself in a position
to be held accountable for his report, minimal corroboration is required.  See
Brother v. State, 166 S.W.3d 255, 256-59 (Tex. Crim. App. 2005)
(holding that there was reasonable suspicion for a stop when a caller reported
that a driver was speeding, tailgating, and weaving across several lanes; the
caller followed the driver’s vehicle and activated her hazard lights to allow
the responding officer to identify the correct vehicle; and the caller provided
her contact information, even though the responding officer did not himself
observe erratic driving); Pipkin, 114 S.W.3d at 653, 655 (upholding
reasonable suspicion for a stop when informant identified himself; reported
that he saw a driver smoking a crack pipe and driving erratically; and provided
the vehicle’s make, model, and license plate number, even though the officer
did not himself witness a traffic violation).       

            However,
the distinction between an anonymous tip from an unknown informant and a tip
from a known reliable informant is less significant when the anonymous tip has
been substantially corroborated by police.  Angulo v. State, 727 S.W.2d
276, 279 (Tex. Crim. App. 1987); see also Alabama v. White, 496 U.S.
325, 330 (1990) (“[I]f a tip has a relatively low degree of reliability, more
information will be required to establish the requisite quantum of suspicion
than would be required if the tip were more reliable.”). Corroboration of an
informant’s report does not require independently acquired reasonable suspicion
of criminal behavior.  Brother, 166 S.W.3d at 258-59 & n.5. 
Instead, corroboration refers to whether a police officer in light of the
circumstances confirms enough facts to reasonably conclude that the information
he received is reliable and, therefore, justifies a temporary detention.  Id.
at 259 n.5 (citing White, 496 U.S. at 330-31).

            Appellant
argues that the caller’s report of a reckless or intoxicated driver did not
provide specific information about appellant’s driving that Officer West could
corroborate.  However, a report of driving while intoxicated that gives some
means of identifying the suspected driver provides sufficient information for corroboration. 
See Dowler v. State, 44 S.W.3d 666, 670-71 (Tex. App.—Austin
2001, pet. ref’d) (holding that officer sufficiently corroborated anonymous tip
of driving while intoxicated by observing the described vehicle weaving in its
lane, crossing briefly into an on-ramp, and driving twenty miles per hour below
the posted speed limit); see also James v. State, 102 S.W.3d 162,
171-72 (Tex. App.—Fort Worth 2003, pet. ref’d) (“Erratic or unsafe driving may
furnish a sufficient basis for reasonable suspicion that the driver is
intoxicated.”).              

            Using
the identifying information provided by the call to dispatch, Officer West
found appellant’s vehicle.  He followed the vehicle for about three miles.  During
this time, he watched as appellant’s vehicle traveled eight miles below the
speed limit, swerved or drifted within its lane, and at one point crossed the
fog line.  He testified that, based on the call to dispatch and his own observations,
he thought that appellant might be engaged in a possible crime and that he had
reasonable suspicion to stop appellant.

            The
trial court reasonably could have found that Officer West’s observations
sufficiently corroborated the call received by dispatch reporting a possible
reckless or intoxicated driver.  See Dowler, 44 S.W.3d at 670-71. 
Based on the totality of the circumstances and viewing the evidence in the
light most favorable to the trial court’s determination, we hold that there was
an objective basis for reasonable suspicion that appellant was driving while
intoxicated.  Accordingly, the trial court did not abuse its discretion in
denying appellant’s motion to suppress.  Appellant’s sole issue is overruled. 

            The
judgment of the trial court is affirmed.        

 

                                                                                    PER
CURIAM

 

June 2, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.