

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00598-CR

---

CRAIG ANTHONY KEETON                              APPELLANT

V.

THE STATE OF TEXAS                                     STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
## TRIAL COURT NO. 1306985

----------

## MEMORANDUM OPINION[1]

----------

In a single point, appellant Craig Anthony Keeton appeals his conviction for driving while intoxicated (DWI).[2] Appellant argues that the trial court improperly denied his motion to suppress because the police lacked reasonable suspicion to

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 49.04(a) (West Supp. 2014).

pull him over.  We affirm.

## Background Facts

While on patrol in December 2012, Fort Worth Police Officer Stanley Madurski noticed an oncoming truck.  Because the parked vehicles on either side of the street made Officer Madurski fear that both he and the oncoming truck could not comfortably pass, he pulled to the side and yielded to the other driver.  As the other driver passed, Officer Madurski heard the sound of the driver's truck hitting one of the parked vehicles.  Officer Madurski glanced in his rearview mirror to see if the driver had stopped.  The driver, later identified as appellant, had not.  Believing appellant had just committed the offense of hit and run,[3] Officer Madurski turned his patrol car around and stopped him.  The traffic stop led to the State's charging appellant with DWI.

Appellant moved to suppress all evidence obtained from the traffic stop, alleging that Officer Madurski violated his constitutional rights by detaining him without reasonable suspicion.  The trial court denied the motion.  In response, appellant entered into a plea agreement; he pled guilty to the charge and received thirty-five days' confinement in the county jail along with a $950 fine.  The trial court certified appellant's right to appeal from the denied motion to suppress, and this appeal followed.

---

[3]*See* Tex. Transp. Code Ann. § 550.024(a) (West 2011).

**Reasonable Suspicion**

In his sole point, appellant states that Officer Madurski violated the law by detaining him without reasonable suspicion. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9. Appellant contends that because Officer Madurski did not see any physical evidence of damage to any of the parked vehicles—and could not verify that the paint scrape he saw on appellant's mirror was from one of those vehicles—he detained appellant on less than reasonable suspicion. *See* Tex. Transp. Code Ann. § 550.024(a) (stating that a driver must "collide[] with *and* damage[]" an unattended vehicle before he or she has to stop (emphasis added)).

**Standard of Review and Applicable Law**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and

3

conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006).

Under the Fourth Amendment, an investigatory detention may be justified if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*

A court should regard articulable observations made by an officer as specific facts when performing a reasonable suspicion review. *See Castro v.*

4

*State*, 227 S.W.3d 737, 742 (Tex. Crim. App. 2007); *see also Fox v. State*, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995), *pet. dism'd, improvidently granted*, 930 S.W.2d 607 (Tex. Crim. App. 1996) (holding that an officer's specific visual observations supported his reasonable suspicions). An officer observes an offense when any of his senses make him aware of its occurrence. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); *cf. Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 880 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g). These observations, combined with common-sense judgments and rational inferences, can give rise to reasonable suspicion justifying a lawful investigatory detention. *See State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011).

**Application**

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trier of fact must have believed Officer Madurski's testimony that he heard the "distinct sound of [appellant's] vehicle hitting the other vehicle." *See Garcia-Cantu*, 253 S.W.3d at 241 (allowing the reviewing court to infer necessary fact findings to support the ruling when no explicit fact findings exist at the trial level). The trial court could have concluded that this auditory observation, supported by the officer's statement to another responding officer that "[appellant] came flying past me, clipped the mirror on that truck and kept going," constituted a specific, articulable fact supporting a reasonable suspicion that appellant had committed a traffic offense. *See Castro*, 227 S.W.3d at 742;

5

*Steelman*, 93 S.W.3d at 107. *See generally* Tex. Transp. Code Ann. § 550.024(a). That some damage, however slight, to an unattended parked vehicle occurred following a sound similar to that of its being hit by a moving vehicle—when the driver of that moving vehicle was quickly negotiating a tight space—is a common-sense, rational inference from the totality of the circumstances. *See Woodard*, 341 S.W.3d at 412; *see also* Tex. Transp. Code Ann. § 550.024(b) (providing that offense is a class C misdemeanor if the damage to all vehicles involved is less than $200, without stating a minimum amount of damage).

Furthermore, even if Officer Madurski had been mistaken about the actual consequence of the sound he heard (i.e., if he was mistaken that damage had occurred even when it did not), that mistake would not negate his reasonable suspicion based on what he believed the effect of the sound he heard to be. *See Robinson v. State*, 377 S.W.3d 712, 720–21 (Tex. Crim. App. 2012) (holding that an officer's rational mistake regarding the *facts* giving rise to his reasonable suspicion will not vitiate the lawfulness of a temporary detention); *see also, e.g.*, *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013) ("The State does not have to establish with absolute certainty that a crime occurred; it just has to carry its burden of proving that, under the totality of the circumstances, the [detention] was reasonable."). Nothing in Officer Madurski's testimony indicates that he believed no damage had occurred to an unattended vehicle or that

damage to an unattended vehicle is not a required element of section 550.024.

We overrule appellant's sole point.

## Conclusion

Having overruled appellant's point, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 18, 2014