**Affirmed and Opinion Filed May 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00794-CR

### SUSAN JACOBI PETERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-81437-2013**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Appellant Susan Jacobi Peterson was charged with misdemeanor driving while intoxicated. Following the trial court's denial of appellant's motion to suppress, she waived a jury and accepted a plea bargain. She was sentenced to 180 days' confinement in county jail, probated for fifteen months, and a $600 fine. In this Court, appellant challenges the trial court's order denying her motion to suppress. We affirm the trial court's order.

### Background

Appellant was driving on the President George Bush Turnpike in Collin County shortly after midnight on December 25, 2012, when she was pulled over by State Trooper Kevin Rhodes. After performing field sobriety tests on appellant, Rhodes arrested her for driving while intoxicated.

Appellant challenged the legality of the stop and moved to suppress all evidence against her that flowed from that stop. Rhodes testified at the hearing on the motion to suppress. He described first noticing appellant's car as he entered the turnpike from Preston Road: the vehicle was moving from the right lane to the center lane, and the driver had her left blinker on. Rhodes testified he followed appellant's vehicle for more than two minutes; her blinker remained on though she did not change lanes after her first move to the center lane. He characterized this as "an unusual amount of time," and he explained that loss of mental and physical faculties can cause a driver to forget certain driving tasks. Rhodes also testified that appellant "was weaving in and out of the lane." He said the left tires of the vehicle would exit the center lane, then return and move to the right until the right tires would be on the right-hand white stripe, "and then she'd do it again." Rhodes testified concerning his training in identifying intoxicated drivers and said he had been instructed that weaving while driving—even if the weaving is within the driver's own lane—is one of the first indicators of intoxicated driving. He stated further that he had stopped drivers in the past on a number of occasions because they were weaving within their own lanes. Rhodes stated it was about midnight when he began following appellant's vehicle, and he explained that most intoxicated driving occurs during late hours of the night. He also explained that he was observing appellant in an area where he and other troopers encountered many intoxicated drivers because there are a large number of bars and clubs in the area. Rhodes testified that based on all of these factors, he had a reasonable suspicion that appellant was intoxicated, so he turned on his overhead lights and stopped her.

The trial court made findings of fact and conclusions of law following the hearing. The only substantive difference between the trial court's findings and Rhodes's testimony involved the time appellant's blinker remained on for no apparent reason. Rhodes testified it remained on for approximately two minutes; the trial court found the officer's patrol car video shows

–2–

appellant "driving with her left blinker on for over one minute." The trial court denied the motion to suppress.

Appellant raises two issues in this Court, cast as challenges to the legal and factual sufficiency of the evidence supporting her conviction.[1] She argues that if the trial court had granted her motion to suppress, there would be insufficient evidence to support her conviction. Therefore, we treat her issues as a challenge to the denial of her motion to suppress.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We do not engage in our own factual review; the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Id.* We give almost complete deference to the trial court in determining historical facts, and we review de novo the court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). If the trial court makes express findings of fact, as the court did in this case, we review the evidence in the light most favorable to the trial court's ruling and determine whether the evidence supports these factual findings. *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We must uphold the trial court's ruling if it is reasonably supported by the record and correct under any applicable theory of law. *Wade v. State,* 422 S.W.3d 661, 667 (Tex. Crim. App. 2013).

## Reasonable Suspicion

Under the Fourth Amendment, a warrantless detention of a suspect is justified by a reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *State v. Elias*, 339 S.W.3d 667,

---

[1] The Texas Court of Criminal Appeals abolished the factual sufficiency standard of review in 2010, concluding no "meaningful distinction" existed between that standard and the legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.).

674 (Tex. Crim. App. 2011).[2] A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, taken together with rational inferences from those facts, would lead him reasonably to conclude that the person detained is engaged in criminal activity. *Elias*, 339 S.W.3d at 674. We adjudge the reasonableness of a temporary detention by examining the totality of the circumstances. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010).

The evidence in this case is limited to Rhodes's testimony and his patrol car's video. Our review of this evidence establishes that the trial court's findings are supported by evidence. Moreover, those findings support Rhodes's conclusion that he had reasonable suspicion to stop appellant when he did. Courts have agreed with Rhodes and the trial court that weaving within one's own lane can indicate a driver is intoxicated. *See, e.g., Fox v. State*, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995), *pet. dism'd*, 930 S.W.2d 607 (Tex. 1996); *Raffaelli v. State*, 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref'd); *Fargo v. State*, No. 05-95-01593-CR, 1998 WL 546130, at *2 (Tex. App.—Dallas Aug. 27, 1998, no pet.) (not designated for publication). Likewise, the time of day and the location of the incident near a bar district are relevant factors in evaluating reasonable suspicion. *Foster*, 326 S.W.3d at 613. Rhodes's actions comported with his own training and experience, and he was able to articulate specific facts that led him reasonably to conclude that appellant could be intoxicated. *See Elias*, 339 S.W.3d at 674; *see also Curtis v. State*, 238 S.W.3d 376, 381 (Tex. Crim. App. 2007) (instructing courts of appeal to consider officer's training and experience in detecting intoxicated drivers when evaluating rational inferences to be drawn from facts).

---

[2] Appellant states that after the United States Supreme Court's decision in *Whren v. United States*, 517 U.S. 806, 810 (1996), only probable cause will support stopping an automobile. This is incorrect. As recently as its current term, the Supreme Court has relied on the consensus that reasonable suspicion will support such a stop. *See Heien v. N. Carolina*, 135 S. Ct. 530, 536 (2014) ("All parties agree that to justify this type of seizure, officers need only 'reasonable suspicion'—that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law.").

–4–

Appellant stresses that she did not commit any traffic violation before Rhodes stopped her. But appellant need not have violated a traffic ordinance for Rhodes to have reasonable suspicion to justify the stop. *See State v. Alderete*, 314 S.W.3d 469, 473 (Tex. App.—El Paso 2010, pet. ref'd). An officer is justified in stopping a vehicle based upon a reasonable suspicion of driving while intoxicated, which is a penal offense. *Id.*; *see also Curtis*, 238 S.W.3d at 379–80.

Given the totality of the circumstances, we conclude Rhodes had reasonable suspicion that appellant was driving while intoxicated when he stopped her. *See Foster*, 326 S.W.3d at 613. The trial court correctly denied appellant's motion to suppress. We overrule appellant's issues.

## Conclusion

We affirm the trial court's order.

Do Not Publish
Tex. R. App. P. 47
140794F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUSAN JACOBI PETERSON, Appellant

No. 05-14-00794-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-81437-2013.
Opinion delivered by Chief Justice Wright.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 28, 2015.